INQUIRY COMMISSION, Movant,

v.

Glenn L. GREENE, Jr., Respondent.

No. 2008–SC–000520KB.

Supreme Court of Kentucky.

Oct. 23, 2008.

## OPINION AND ORDER

The Inquiry Commission (Commission) of the Kentucky Bar Association (KBA), pursuant to SCR 3.165, moves this Court to issue an order temporarily suspending Glenn L. Greene, Jr. from the practice of law, and restricting Greene's access to client funds. Greene's KBA number is 83773, and his bar roster address is 211 East Central Street, P.O. Box 999, Harlan, Kentucky 40831. For the following reasons, the Commission's request for temporary suspension is granted.

As a result of defrauding investors, Greene served a year in federal prison, and was disbarred in 1974. After Greene had substance abuse treatment and made restitution to the investors, this Court reinstated Greene in 1995. *See Greene v.*

*Kentucky Bar Ass'n,* 904 S.W.2d 233 (Ky. 1995).

The allegations currently before the Commission arose out of Greene's representation of Georgia Lee Bailey, an 86–year–old widow, whose husband David Bailey died intestate in 2002. Greene represented Mrs. Bailey regarding her husband's estate. Greene also created an inter vivos trust with Greene as trustee and Georgia Bailey and her daughter, Iris, as grantors. The trust delivered to Greene as trustee Mrs. Bailey's banking accounts; her shares of National City Corporation, First Data Corporation, and the family mining company (which was established to distribute coal royalties); the contents of Mrs. Bailey's safe deposit box at the Bank of Harlan; all of David Bailey's real estate and interests; and "all other assets of David C. Bailey that might hereafter be discovered." Greene also prepared a Durable Power of Attorney, which designated Greene as Mrs. Bailey's attorney-in-fact.

The Commission argues that there is probable cause to believe that Greene is or has been misappropriating funds he holds for others to his own use or has been otherwise improperly dealing with said funds. *See* SCR 3.165(1)(a). The Commission also argues that there is probable cause to believe that Greene's conduct poses a substantial threat of harm to his clients. *See* SCR 3.165(1)(b). Finally, the Commission believes that Greene's misappropriation of funds justifies imposing restrictions on his handling of client funds. *See* SCR 3.165(2).

The Commission alleges that Mrs. Bailey did not fully understand the power she was giving Green when she granted him a general power of attorney. According to the Commission, Greene closed out Mrs. Bailey's safe deposit box, which contained diamond jewelry, approximately $10,000 in cash, and other documents including stock certificates. The Commission states that the whereabouts of these items are currently unknown.

The Commission further alleges that Greene wrongfully sold Mrs. Bailey's stock, misappropriated her coal royalties and possibly certificates of deposit, transferred stock and property interests without Mrs. Bailey's informed consent, and refused to account for funds or other property. Finally, the Commission alleges that Greene induced Mrs. Bailey to appoint Iris as her attorney-in-fact, and then had Iris transfer the power back to Greene. Iris is in her fifties, but lived with her mother until recently and does not drive. Greene has been indicted on multiple felony counts in the Harlan Circuit Court in connection with the allegations previously discussed.

In support of its allegations, the Commission has provided this Court with a number of documents. First, the Commission has provided the verified complaint from a civil action filed by Mark Bailey, Mrs. Bailey's nephew and current attorney-in-fact, against Greene and Iris Bailey. The complaint alleges, *inter alia,* the following: that Greene paid bills and closed the safe deposit box without Mrs. Bailey's informed consent, refused to tell Mrs. Bailey the status of her funds, transferred Mrs. Bailey's ownership interest in the family mining company to Iris without Mrs. Bailey's informed consent, sold First Data Corporation stock without Mrs. Bailey's consent, transferred and has refused to account for the Bank of Harlan stock, has failed to account for Mrs. Bailey's certificates of deposit, induced Mrs. Bailey to transfer her power of attorney to Iris (who then transferred it to Greene), and induced Mrs. Bailey to convey property to her daughter (leaving Mrs. Bailey with only a life estate, contrary to her wishes). The complaint is signed and verified by Mark Bailey.

The Commission has also provided Mrs. Bailey's KBA complaint form, which includes detailed allegations (apparently prepared by an attorney). The complaint form is signed by Mrs. Bailey and notarized. The KBA complaint contains many of the same allegations found in Mark Bailey's verified complaint. Also included is an affidavit from Pamela Lee Doan, Mrs. Bailey's niece, detailing her discovery that many of Mrs. Bailey's assets were missing or transferred to Iris Bailey or Greene Also included is an affidavit from Kentucky State Police Audit Investigator Billianne Withers, detailing possible irregularities in Greene's trust accounts. The Commission has also included documentation supporting Ms. Withers' affidavit.

Finally, the Commission has provided additional documents in support of its allegations. These include the indictment against Greene, deeds of conveyance, power of attorney forms signed by Mrs. Bailey, and a form signed by Greene closing Mrs. Bailey's safe deposit box.

In his defense, Greene argues that, pursuant to an agreement he made with David Bailey before his death, Greene provided for the general needs of Mrs. Bailey and Iris. Greene has provided evidence showing that, while administering the trust, he paid a number of Georgia and Iris Bailey's bills, and provided other assistance to Mrs. Bailey and Iris. According to Greene, as payment for these services, he signed over to himself David Bailey's shares in the Bank of Harlan pursuant to his agreement with David Bailey. Greene also argues that he made periodic payments to Georgia and Iris Bailey. Greene has also provided affidavits—from his pastor and the Baileys' part-time bookkeeper—vouching for his good reputation.

Greene essentially argues that his various transactions were consistent with his obligations to Georgia and Iris Bailey. He points to the general nature of the Kentucky State Police audit, and argues that nothing shown by that audit is inconsistent with his obligations as trustee. Greene also points to the fact that none of the affidavits provided by the Commission come from unbiased parties.

SCR 3.165 permits this Court, on petition supported by an affidavit, to temporarily suspend an attorney from the practice of law provided:

(a) It appears that probable cause exists to believe that an attorney is or has been misappropriating funds the attorney holds for others to his/her own use or has been otherwise improperly dealing with said funds; or

(b) It appears that probable cause exists to believe that an attorney's conduct poses a substantial threat of harm to his clients or to the public. . . .

This case certainly raises a number of questions. Currently, there is by no means definitive proof that Greene misused Mrs. Bailey's assets. A number of factual issues still need to be resolved. Nevertheless, we believe that the requirement of probable cause under SCR 3.165 has been satisfied.

The Commission has provided several affidavits from persons alleging that Greene seriously misused client assets under his control. Even taking into account the fact that Greene paid a number of bills for Georgia and Iris Bailey, and the fact that he provided them with periodic payments, a number of allegations remain. Specifically, the various affidavits and other evidence suggest that Greene improperly sold stock; took Mrs. Bailey's jewelry, cash, and other property; signed over assets to himself; and convinced Mrs. Bailey to engage in transactions without her informed consent.

Given the volume of the evidence submitted by the Commission, we are convinced that probable cause exists to believe that Greene has been misappropriating funds he holds for others to his own use, or otherwise improperly using these funds. We are also convinced that probable cause exists to believe that Greene's conduct poses a substantial threat of harm to his clients or the public. We also believe that, under the circumstances, it is appropriate for this Court to place restrictions on Greene's access to client funds pursuant to SCR 3.165(2).

Therefore, it is hereby ORDERED that:

1. Glenn L. Greene Jr. is temporarily suspended from the practice of law in the Commonwealth of Kentucky, effective upon the date of entry of this order, pending further orders from this Court.

2. Disciplinary proceedings against Greene shall be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or unless Greene resigns under terms of disbarment.

3. Pursuant to SCR 3.165(5), Greene shall, within twenty (20) days from the date of entry of this order, notify all clients in writing of his inability to continue to represent them. He shall furnish copies of all such letters to the Director of the Kentucky Bar Association.

4. Pursuant to SCR 3.165(6), Greene shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

5. Pursuant to SCR 3.165(2), Greene is hereby restricted from dealing with client funds held in any bank account, including, but not limited to, his accounts with the Bank of Harlan.

6. Pursuant to SCR 3.165(2), this order, when served on any bank maintaining any account upon which Glenn L. Greene, Jr. may make withdrawals, shall serve as an injunction to prevent said bank from making further payments from such account or accounts on any obligation except in accordance with restrictions imposed by this Court, and shall direct such bank not to disclose (except to those entitled to withdraw from the account or accounts or to receive payment of such obligation, or upon the express written permission of at least one of such persons as to each such account or obligations) that such order has been received or the contents thereof.

7. The Inquiry Commission is granted leave to move this Court to appoint a trustee to manage funds in any accounts held by Greene, pursuant to SCR 3.165(2). Further, the Inquiry Commission is granted leave to move this Court to impose specific restrictions on any such account, pursuant to SCR 3.165(2).

All sitting. MINTON, C.J., ABRAMSON, CUNNINGHAM, NOBLE, SCHRODER, VENTERS, J.J., concur. SCOTT, J., dissents.

ENTERED: October 23, 2008.

/s/ John D. Minton
Chief Justice