TO BE PUBLISHED

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$



2008-SC-000833-KB

JAMES GREGORY TROUTMAN                                    MOVANT


V.                                    IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                    RESPONDENT


## <u>OPINION AND ORDER</u>

Movant James Gregory Troutman moves this Court to enter an order suspending his license to practice law in Kentucky for a period of two years, effective January 25, 2007. The Kentucky Bar Association (KBA) states that it has no objection to Troutman's motion. This Court therefore grants the motion for a two-year suspension. Troutman was admitted to the practice of law in Kentucky on October 16, 1992. His bar roster address is 4000 Abbeywood Village Drive, Louisville, KY 40241. His KBA number is 84473.

On January 25, 2007, Troutman entered an Alford plea in the Jefferson Circuit Court to two counts of wanton endangerment in the first degree (a Class D felony), one count of criminal mischief in the first degree (a Class D felony), and one count of criminal littering (a Class A misdemeanor). Upon

entry of Troutman's Alford plea, pursuant to SCR 3.166, this Court entered an order temporarily suspending him from the practice of law.[1]

Troutman entered the Alford plea as a result of a pretrial diversion agreement with the Commonwealth. Pursuant to that agreement, the Circuit Court ordered that Troutman undergo a two-year supervised probationary period, at the conclusion of which the indictment would be dismissed.

The charges against Troutman arose from damage to property and other conduct in and around Troutman's neighborhood late at night. Troutman asserts that his conduct was the result of taking a large amount of over-the-counter allergy medication to control his severe allergies. Following his Alford plea, Troutman moved the Circuit Court to shorten the term of his probation and pretrial diversion. He presented the Circuit Court with medical evaluations explaining that his behavior was the result of an antihistamine overdose. The physicians who evaluated Troutman were of the opinion that he was no longer impaired. On June 10, 2008, the Circuit Court entered an order shortening the term of Troutman's probation and pretrial diversion. The court ordered that the charges against Troutman be dismissed-diverted, pursuant to KRS 533.258, with prejudice.

Although all criminal charges have been dismissed, Troutman concedes that his entry of an Alford plea is proof that he engaged in conduct that violated SCR 3.130-8.3(b) ("It is professional misconduct for a lawyer to ...

---

[1] See Kentucky Bar Ass'n v. Troutman, 216 S.W.3d 652 (Ky. 2007).

[c]ommit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."). Troutman believes that two years, the original length of his probationary period, is an appropriate length of time for suspension of his license to practice law. The KBA agrees that a suspension commensurate with the length of the probationary period is appropriate.[2]

This Court agrees with both parties that suspension for a period commensurate with the length of the original probationary period is appropriate. Therefore, it is hereby ORDERED that:

1. James Gregory Troutman is suspended from the practice of law in the Commonwealth of Kentucky for a period of two (2) years, retroactive to January 25, 2007.

2. Troutman shall, in accordance with SCR 3.390, notify all Courts in which he has matters pending and all clients for whom he is actively involved in litigation and similar matters of his inability to continue representation. He shall provide copies of all letters to the Director of the Kentucky Bar Association.

3. Troutman shall, to the extent possible, immediately cancel and cease any advertising activities in which he is engaged in accordance with SCR 3.390.

---

[2] See Bertram v. Kentucky Bar Ass'n, 126 S.W.3d 358 (Ky. 2005); Kentucky Bar Ass'n v. Dunn, 90 S.W.3d 461 (Ky. 2002); Richendollar v. Kentucky Bar Ass'n, 60 S.W.3d 551 (Ky. 2001) (suspending attorneys form the practice of law until expiration of their probationary periods).

4. Pursuant to SCR 3.459, Troutman is ordered to pay all costs associated with these disciplinary proceedings, certified in the amount of $110.00, for which execution may issue from this Court upon finality of this order.

All sitting. All concur.

ENTERED: December 18, 2008.

_____
CHIEF JUSTICE