James Gregory **TROUTMAN**, Movant,

v.

**KENTUCKY BAR ASSOCIATION,**
Respondent.

No. 2010–SC–000698–KB.

Supreme Court of Kentucky.

Jan. 20, 2011.

---

5.  KRS 342.020(3) and (4).

6.  KRS 342.020(1). *See also* KRS 342.035.

7.  803 KAR 25:190, § 5(4).

## OPINION AND ORDER

Pursuant to SCR 3.480(2), James Gregory Troutman, KBA Number 84473 (suspended), moves this Court to impose on him a thirty-day suspension from the practice of law to resolve the charges contained in KBA File 17078. Troutman was admitted to practice law in Kentucky on October 16, 1992, and his last known bar roster address is 4000 Abbeywood Village Drive, Louisville, KY 40241.

KBA File 17078 charges Troutman with violating SCR 3.130–3.4(c) and SCR 3.130–5.5(a) by practicing law while suspended by Order of this Court. On January 25, 2007, Troutman entered an *Alford* plea to two counts of first-degree wanton endangerment, one count of first-degree criminal mischief, and one count of criminal littering.[1] *See Troutman v. KBA*, 275 S.W.3d 175 (Ky.2008). Although the charges were ultimately dismissed—diverted pursuant to KRS 533.258, with prejudice—Troutman moved this Court to be suspended for two years admitting that "his entry of an *Alford* plea [was] proof that he engaged in conduct that violated SCR 3.130–8.3(b) ('It is professional misconduct for a lawyer to ... [c]ommit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.')." *Id.* at 176. We granted Troutman's motion and suspended him for two years, retroactive to January 25, 2007.

The current charges against Troutman stem from work he performed in 2008, while he was suspended. Mary Padden, an attorney in Louisville, hired Troutman to do research, prepare drafts of documents, and review certain documents she drafted for use in a Nevada court case involving a private construction equipment company (hereinafter "Company"). Prior to his suspension Troutman represented one of the Company's owners. Troutman apparently had been told by this owner that he planned to make him a minority owner of the Company, and thus Troutman believed he had a personal interest in the Nevada court case. Padden supervised Troutman and reviewed all of the documents he drafted. Troutman participated in conversations with the Company's Neva-

---

1. The charges relate to conduct which occurred in and around Troutman's neighborhood late one evening. Troutman asserts that his conduct was caused by taking a large amount of over-the-counter drugs to control his severe allergies.

da counsel and with the other owners of the Company. He also attended one of the Nevada court proceedings, though he was not recognized as counsel and states he provided no legal assistance during the proceeding.

Troutman now acknowledges that his participation in the Nevada lawsuit—preparing documents, conferring with one or more of the owners of the Company, not expressly informing the parties that he was unlicensed, and attending the Nevada court proceeding—crossed the line from non-lawyer support services to the practice of law. Troutman states that he did not intend to engage in the practice of law, but admits that objectively his actions could be viewed as engaging in the practice of law. Troutman admits that his contact with one or more of the principals of the construction equipment company violated KBA Ethics Opinion E–255.

Thus, Troutman admits that his conduct violated SCR 3.130–3.4(c) and SCR 3.130–55(a) as charged in KBA File 17078. In light of this admitted misconduct, Troutman moves for a punishment of a thirty-day suspension from the practice of law.

■ The KBA has no objection to Troutman's motion. The KBA cites to several cases in which similar misconduct led to similar sanctions. *See Smith v. KBA,* 250 S.W.3d 601 (Ky.2008) (granting motion for a public reprimand for violating SCR 3.130–4.1 and SCR 3.130–5.5 due to practicing law while suspended because of a mistaken belief suspension had ended); *Morton v. KBA,* 230 S.W.3d 328 (Ky.2007) (suspending an attorney for thirty days due to representing herself as an attorney and accepting money from a client without informing him of her suspension); *Wright v. KBA,* 169 S.W.3d 858 (Ky.2005) (publically reprimanding an attorney for not informing the circuit court whom she appeared before that she had been suspend-

ed from the practice of law for failure to comply with CLE requirements). We accordingly agree with the KBA and GRANT the motion.

Thus it is ORDERED that:

1. Movant, James Gregory Troutman, KBA Member No. 84473, is adjudged guilty of the charges made in KBA File 17078;

2. Troutman shall therefore be suspended from the practice of law for thirty (30) days, effective as of the date hereof;

3. In accordance with SCR 3.450, Troutman is directed to pay all costs associated with these disciplinary proceedings in the amount of $53.20 for which execution may issue from this Court upon finality of this Order.

All sitting. All concur.

ENTERED: January 20, 2011.

/s/ John D. Minton, Jr.
  Chief Justice