Roger P. ELLIOTT, Movant,

v.

**KENTUCKY BAR ASSOCIATION,**
Respondent.

No. 2011–SC–000205–KB.

Supreme Court of Kentucky.

June 16, 2011.

---

## OPINION AND ORDER

Roger P. Elliott was admitted to the practice of law in the Commonwealth of Kentucky in 1975. His KBA Member No. is 20767 and his bar roster address is 351 Lawless Road, Jamestown, Kentucky 42629. Pursuant to SCR 3.480(2), he moves this Court to enter an Order suspending his license to practice law in Kentucky for two years with one year probated and one year to serve subject to the conditions set out herein.

In 1984, Elliott was appointed as the District Court Judge for Adair and Casey counties. He was reelected on a number of occasions, and continued to serve until his retirement in 2007. Thereafter he entered the Senior Status Judge Program. On May 6, 2009, a Pulaski County Grand Jury indicted Elliott on one count of theft of labor already rendered (KRS 514.090). The indictment alleged that on or about June 5, 2008, Elliott intentionally issued or passed a check to John Gillum in payment for legal services already rendered in the amount of $8,194.25 knowing that the check would not be honored by the drawee bank.[1]

On July 28, 2009, Elliott entered an *Alford* plea to the charge, a Class D felony. Pursuant to the *Alford* plea, Elliott re-affirmed his innocence of the allegations of the indictment, but acknowledged that a trier of fact could find him guilty. On October 6, 2009, the Pulaski Circuit Court entered an Order granting Elliott pretrial diversion. The Order provided for two years of unsupervised diversion and the payment of restitution, which was paid on that day. The circuit court, at the time of the entry of the pretrial diversion order, added additional terms beyond that recommended by the Commonwealth, including an increase in the length of the period of diversion and the inclusion of a thirty-day period of home incarceration. Elliott successfully and uneventfully completed the home incarceration, which began on October 12, 2009.

On October 29, 2009, this Court entered an Opinion and Order (2009–SC–000549–KB) pursuant to SCR 3.166. This rule provides for the automatic temporary suspension of an attorney's license following the entry of a guilty plea to a felony. On June 23, 2010, the Judicial Conduct Commission issued an Order of Public Reprimand, which had been agreed to by Elliott. As a condition of the public reprimand, Elliott agreed to resign from the Senior Status Judge Program and not to seek to re-enter the program.

As a follow-up to resolve the temporary suspension of his bar license, Elliott and the Office of Bar Counsel have agreed to a negotiated sanction pursuant to SCR 3.480(2). Elliott acknowledges that the entry of his *Alford* plea is proof that he engaged in conduct that violated SCR 3.130–8.3(b) (now SCR 3.130–8.4(b)), and requests this Court enter an opinion and order suspending him from the practice of law for a period of two years with one year probated, and one year to serve, effective from the date of the order, on conditions that he continue compliance with the terms and provisions of his pretrial diversion contract in Pulaski Circuit Court file no. 09–CR–00121 and that he incur no new disciplinary charges during the probationary period. The Motion for Consensual

---

1. Gillum had represented Elliott in a civil suit concerning the sale of certain real estate.

Discipline, along with the relevant case law, was reviewed and approved by the Chair of the Inquiry Commission and a Past President of the Kentucky Bar Association before submission to the Court, pursuant to the Office of Bar Counsel's standard procedure in consensual discipline cases.

Having reviewed previous sanctions for violations of SCR 3.130–8.4(b) (previously SCR 3.130–8.3(b)), especially, the case of *Troutman v. Kentucky Bar Association,* 275 S.W.3d 175 (Ky.2008), we are of the opinion that the proposed sanctions are appropriate. In *Troutman,* this Court suspended Troutman for two years, retroactive to the date of his temporary suspension. Troutman entered an *Alford* plea to two counts of wanton endangerment in the first degree (a Class D felony), one count of criminal mischief in the first degree (a Class D felony), and one count of criminal littering (a Class A misdemeanor). He was placed on pretrial diversion, with supervised probation for a period of two years. He completed the diversion and the charges were dismissed prior to the entry of the Court's order, but he conceded that the plea is proof that he engaged in conduct that violated SCR 3.130–8.3(b) (now SCR 3.130–8.4(b)).

Accordingly, it is hereby ORDERED that:

1. Roger P. Elliott be and is hereby suspended from the practice of law in the Commonwealth of Kentucky for a period of two years, with one year probated and one year to serve, on these conditions:

   a. Continued compliance with the terms and provisions of the pretrial diversion in 09–CR–00121 set out in the October 6, 2009 Order Granting Pretrial Diversion.

   b. No new attorney disciplinary charges during the probation period.

   c. The period of suspension begins on the date of this Order.

   d. In the event that during the probationary period Elliott violates the conditions set out above, the Kentucky Bar Association, through the Office of Bar Counsel, may file a Motion for the imposition of the probated period of suspension.

2. Pursuant to SCR 3.450, Elliott is ordered to pay the cost associated with these disciplinary proceedings, certified in the amount of $35.82, for which execution may issue from this Court upon finality of this Order.

MINTON, C.J., ABRAMSON, CUNNINGHAM, NOBLE, SCHRODER, and SCOTT, JJ., concur. VENTERS, J., not sitting.

ENTERED: June 16, 2011.

/s/ John D. Minton, Jr.
Chief Justice