James Gregory **TROUTMAN, Movant,**

v.

**KENTUCKY BAR ASSOCIATION,**
**Respondent.**

No. 2012–SC–000122–KB.

Supreme Court of Kentucky.

April 26, 2012.

1. *Troutman v. Kentucky Bar Ass'n,* 275

**OPINION AND ORDER**

James Gregory Troutman, KBA Member No. 84473, bar roster address 4000 Abbeywood Village Drive, Louisville, Kentucky 40241, was admitted to practice law in Kentucky in 1992. This Court suspended Troutman from the practice of law for a period of two years, effective January 25, 2007.[1] He has now applied for reinstatement with the Kentucky Bar Association (KBA) Board of Governors' unanimous endorsement.

S.W.3d 175 (Ky.2008).

## I. DISCIPLINARY HISTORY.

During August 2005, a police officer observed Troutman obstructing a neighborhood street with detached car bumpers. During the ensuing investigation, the officer noted a loaded crossbow on the front passenger seat of Troutman's vehicle. A few days earlier, one of Troutman's neighbors reported that an arrow, which was identical to the one in Troutman's crossbow, had pierced that neighbor's garage door and lodged in a refrigerator. Troutman admitted that he shot the arrow.

As a result of criminal charges stemming from these incidents, Troutman pled guilty in circuit court to two counts of first-degree wanton endangerment (a Class D felony), one count of first-degree criminal mischief (a Class D felony), and one count of criminal littering (a Class A misdemeanor).[2] Troutman entered the plea as a result of a pretrial diversion agreement with the Commonwealth. In accord with that agreement, the circuit court ordered that Troutman undergo a two-year supervised probationary period, at the conclusion of which the indictment would be dismissed.

Troutman asserted that his conduct was the result of taking a large amount of over-the-counter medication to control his severe allergies. Troutman eventually moved the circuit court to shorten the term of his probation and pretrial diversion. In support, he presented the circuit court with medical evaluations from two separate physicians who explained that an antihistamine overdose[3] caused his aberrant behavior. These physicians also opined that he was no longer impaired.

Some eighteen months after the guilty plea, the circuit court ordered the term of Troutman's probation and pretrial diversion shortened. The court also ordered that the charges against Troutman be dismissed/diverted under KRS 533.258, with prejudice.

Following the early termination of his diversion, Troutman moved this Court to suspend his law license for a period of two years as a result of his felony suspension status.[4] The KBA did not object. And this Court made commencement of Troutman's two-year suspension retroactive to January 25, 2007, the date he entered the plea.

Troutman was subject to a second disciplinary action in April 2009 for practicing law under a suspension. The charges against Troutman stemmed from work he performed in 2008 while he was suspended. An attorney in Louisville hired Troutman to do research, prepare drafts of documents, and review certain documents she drafted for use in a Nevada court case involving a private construction equipment company (the Company).

Before his suspension, Troutman represented one of the Company's owners. Troutman was apparently told by this owner that he planned to make him a minority owner of the Company. So Troutman believed he had a personal interest in the Nevada court case. Troutman's supervising attorney reviewed all of the documents he drafted. Troutman participated in con-

---

2. Upon entry of Troutman's plea in 2007, this Court temporarily suspended Troutman from the practice of law under SCR 3.166. *See Kentucky Bar Ass'n v. Troutman,* 216 S.W.3d 652 (Ky.2007).

3. The physicians found his behavior was likely caused by a condition known as "anticholinergic delirium," which can be a result of an antihistamine overdose. In an effort to relieve his allergy symptoms, Troutman allegedly ingested four times the recommended dosage of medication on the day of the incident.

4. Troutman cited the circuit court's early termination of his probation/diversion based upon the medical evidence.

versations with the Company's Nevada counsel and with the other owners of the Company. He also attended one of the Nevada court proceedings, but he was not recognized as counsel and stated he provided no legal assistance during the proceeding.

The matter was resolved when Troutman filed a motion asking this Court to impose a thirty-day suspension for his violation of SCR 3.130–3.4(c) and 3.130–5.5(a). The KBA did not object. And this Court granted the motion and suspended Troutman for thirty days, effective as of the date of the order.[5]

## II. APPLICATION FOR REINSTATEMENT.

After his thirty-day suspension, Troutman applied under SCR 3.675 for reinstatement of his license to practice law. Because he was suspended for more than 180 days,[6] the Character and Fitness Committee of the Kentucky Office of Bar Admissions conducted proceedings to determine whether Troutman should be approved to practice law.[7]

The KBA Board of Governors found that the Character and Fitness Committee conducted a thorough investigation. The investigation indicated that Troutman had no further disciplinary problems while under suspension, apart from the instance of un-

authorized law practice previously discussed. Numerous individuals attested to Troutman's character. And with limited exception, the people interviewed by the investigator provided extremely favorable opinions about Troutman.[8]

Neither Troutman nor the KBA requested a formal hearing at the conclusion of the investigation. And the Character and Fitness Committee did not believe a hearing was necessary. The Character and Fitness Committee issued its Findings of Fact, Conclusions of Law, and Recommendation in November 2011. Generally, the Character and Fitness Committee found:

1) Troutman served his suspension and accepted responsibility for his breach of ethical obligations',

2) His conduct was generally satisfactory, and he was worthy of the public's trust;

3) He complied with his Continuing Legal Education (CLE) requirements and possessed sufficient professional capabilities to serve the public as a lawyer;

4) He exhibited good moral character; and

5) He appreciated the wrongfulness of his conduct, expressed contrition, and took steps to ensure similar conduct would not occur.[9]

The Character and Fitness Committee recommended approval of Troutman's ap-

---

5. *Troutman v. Kentucky Bar Ass'n,* 329 S.W.3d 305 (Ky.2011).

6. It appears that Troutman did not apply for reinstatement after his two-year suspension in *Troutman v. Kentucky Bar Ass'n,* 275 S.W.3d 175.

7. SCR 3.510(3) states, "If the period of suspension has prevailed for more than one hundred eighty (180) days, the matter shall be referred to the Character and Fitness Committee for proceedings under SCR 2.300."

8. Notably, the neighbor into whose home Troutman shot the arrow did not voice an

opinion on the issue of reinstatement. The assistant commonwealth's attorney who prosecuted Troutman stated that she was uncomfortable recommending reinstatement and expressed skepticism about the medication overdose explanation.

9. The Character and Fitness Committee acknowledged Troutman's sanction for practicing law during his suspension but, apparently, did not consider it a severe transgression in light of the mitigating circumstances advanced by Troutman.

plication for reinstatement, subject to compliance with CLE requirements and payment of any outstanding costs associated with the disciplinary proceedings.[10] The KBA stated no objection to Troutman's application for reinstatement and requested that the Board of Governors recommend reinstatement on the condition that Troutman pay all costs, as required by SCR 3.510(1).

The Board of Governors found that Troutman met the high burden of proof required to demonstrate he should be reinstated to the practice of law. By unanimous vote, the Board of Governors recommends to this Court that Troutman be reinstated to the KBA under SCR 3.510.

### III. CONCLUSION.

We accept the Board's recommendation and order:

1) James Gregory Troutman is hereby reinstated to the practice of law in the Commonwealth; and

2) Troutman is directed to pay all costs associated with this proceeding, including amounts incurred after the consideration and vote by the Board of Governors, as calculated and certified by the Disciplinary Clerk in the amount of $211.59 as required by SCR 3.150(1).

All sitting. All concur.

ENTERED: April 26, 2012.

/s/ John D. Minton
  Chief Justice

10. The Character and Fitness Committee confirmed for the KBA that Troutman completed

his CLE obligation for the educational year ending in June 2012.