**Glenn L. GREENE, Jr., Movant**

**v.**

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2012–SC–000283–KB.**

Supreme Court of Kentucky.

June 21, 2012.

As Modified Oct. 25, 2012.

## OPINION AND ORDER

Movant, Glenn L. Greene, Jr., KBA No. 83773,[1] admits to violating the Kentucky Rules of Professional Conduct and moves this Court to impose the sanction of permanent disbarment. The KBA has no objection to Greene's motion.

---

1. Greene was admitted to the practice of law in Kentucky on April 18, 1958 and his bar roster address is 211 E. Central Street, P.O. Box 999, Harlan, Kentucky 40831.

## I. BACKGROUND

The Inquiry Commission charged Greene with two counts of misconduct based upon the allegations contained in KBA file 17122. Both charges stem from the criminal proceedings against Greene in Harlan Circuit Court case number 08–CR–00433. In that case, Greene pled guilty to the charge of theft by failure to make required disposition of property ($300 or more), a Class D Felony. *See* KRS 514.070. The indictment alleged that Greene took funds from the victim/client, on behalf of her mother, and converted them to his own use. He was sentenced to two years in prison, probated for a period of five years, and ordered to pay restitution in the amount of $37,861.00.

Based on the facts giving rise to Greene's criminal conviction, the Inquiry Commission charged him with two counts of misconduct. Count I charged that Greene violated former SCR 3.130–8.3(b), which stated that it is professional misconduct for a lawyer to "[c]ommit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."[2] The Commission asserts that Greene violated this rule by committing the crime of theft by failure to make required disposition of property ($300 or more), to which he pled guilty. Count II charged that Greene violated former SCR 3.130–8.3(c), which stated that it is professional misconduct for a lawyer to "[e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation."[3] The Commission claims that Greene violated this rule by failing to make the required disposition of the funds he took from the victim/client and converting the funds to his own use.

---

2. SCR 3.130–8.3(b) was renumbered SCR 3.130–8.4(b) effective July 15, 2009.

3. SCR 3.130–8.3(c) was renumbered SCR 3.130–8.4(c) effective July 15, 2009.

Greene admits that his actions violated the Rules of Professional Conduct. He claims there are mitigating circumstances surrounding his actions; however, he acknowledges that these circumstances would not excuse his ethical violations. Therefore, he requests that the Court grant him leave to resign from the KBA under terms of permanent disbarment pursuant to SCR 3.480(3).[4, 5]

## II. DISCIPLINE

Based on his admitted ethical violations, Greene requests that this Court grant him leave to resign from the KBA under terms of permanent disbarment. We agree that Greene's motion to withdraw his membership is appropriate pursuant to SCR 3.480(3). Therefore, it is hereby ORDERED that:

1. Glenn L. Greene, Jr. is permanently disbarred from the practice of law;

2. In accordance with SCR 3.450, Greene shall pay all costs associated with these proceedings, said sum being $234.66, for which execution may issue from this Court upon finality of this Opinion and Order.

3. Pursuant to SCR 3.390, Greene shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Greene shall immediately cancel and cease any advertising activities in which he is engaged.

4. Our Opinion and Order in *Inquiry Com'n v. Greene*, 266 S.W.3d 242, 243 (Ky.2008) is superseded and vacated as moot.

All sitting. All concur.

---

4. SCR 3.480(3) provides in pertinent part:

> Any member who has been engaged in unethical or unprofessional conduct and desires to withdraw his membership under terms of permanent disbarment shall file a verified motion with the Court stating as follows:
> (a) He/she has violated the Rules of Professional Conduct, or his/her conduct fails to comply with those rules, the specifics of which shall be detailed in the motion.
> (b) He/she will not seek reinstatement and understands the provisions of SCR 3.510 and SCR 3.520 do not apply.
> (c) He/she will not practice law in the Commonwealth of Kentucky subsequent to the permanent disbarment order.

5. Greene was previously disbarred in 1974, after he was convicted of mail fraud for defrauding 26 investors of over $250,000.00. Greene applied for reinstatement in 1982, but his application was denied because he had failed to pay any restitution to the investors he defrauded. In 1995, the Court granted Greene's application for reinstatement subject to several conditions, including the requirement that he continue making restitution payments. In 2005, this Court entered an order acknowledging that Greene had paid the required restitution in full.

In addition to the KBA file from which the charges presently before the Court arose, the KBA currently has two additional open investigative files related to Greene. KBA file 15255 is based on allegations made by an elderly woman that Greene transferred nearly $1 million of her cash and other assets to himself and the woman's daughter. A criminal action is pending based on these allegations. KBA file 18357 was opened to monitor another criminal case against Greene in Harlan Circuit Court, 08–CR–00467. In that case, Greene entered an *Alford* plea to the charge of theft by failure to make required disposition of property ($300 or more) and was sentenced to five years, probated on condition that he pay the elderly victim restitution of $82,954.00. The KBA chose not to pursue that investigative file due to Greene's motion to resign under terms of permanent disbarment.

ENTERED: June 21, 2012.

/s/ John D. Minton, Jr.
    Chief Justice