**Charles J. McENROE, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2013–SC–000547–KB.**

Supreme Court of Kentucky.

Sept. 26, 2013.

### OPINION AND ORDER

Charles J. McEnroe, KBA No. 46190, was admitted to the practice of law in the Commonwealth of Kentucky on April 1, 1974, and his bar roster address is listed as P.O. Box 10, Somerset, Kentucky 42502. He moves this Court to impose a five (5) year suspension from the practice of law based upon his federal conviction for tax evasion. The Kentucky Bar Association has no objection, as the parties have agreed to a negotiated sanction pursuant to SCR 3.480(2).

This KBA action is a result of McEnroe's conviction, having entered a guilty plea, in U.S. District Court, Eastern District of Kentucky, to willfully attempting to evade and defeat payment of income and employment taxes owed to the United

States for the calendar years 1993 to 2008. As a result of his conviction, McEnroe began serving a 24–month prison sentence February 1, 2012. Upon his release from prison, McEnroe will be on supervised release for three years. McEnroe was also ordered to pay a $100 assessment fee and restitution in the amount of $368,753, on which he has yet to make any payments. McEnroe is very forthcoming with the fact that he has struggled with alcohol addiction for many years and admits he has participated in Alcoholics Anonymous in the past, but that he had "fallen off the wagon" in the years leading up to his incarceration.

In light of his admissions, McEnroe and the KBA have agreed to a negotiated sanction pursuant to SCR 3.480(2) which would impose a five (5) year suspension from the practice of law, subject to the requirement that McEnroe also undergo an evaluation through the Kentucky Lawyer Assistance Program (KYLAP) and successfully complete any and all resulting recommendations. *See, e.g., KBA v. Hickey*, 31 S.W.3d 434 (Ky.2000) (holding that a four-year suspension was appropriate following a conviction of felony tax evasion); *KBA v. White*, 613 S.W.2d 132 (1981) (holding that disbarment was appropriate for a conviction of felony wire fraud, but it should be noted that as the law stood at the time of this case White would be eligible for reinstatement after five years). We agree that the negotiated sanction in McEnroe's case is appropriate. It is ORDERED that:

1. Movant, Charles J. McEnroe, is hereby suspended from the practice of law for a period of five years as of the date of entry of this order;

2. McEnroe is also ordered to undergo an evaluation with KYLAP and successfully complete any resulting course of recommended treatment;

3. If he has not already done so, pursuant to SCR 3.390, McEnroe shall promptly take all reasonable steps to protect the interests of his clients, including, within ten days after the issuance of this order, notifying by letter all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel and notifying all courts or other tribunals in which he had pending manners. McEnroe shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel;

4. If he has not already done so, pursuant to SCR 3.390, McEnroe shall immediately cancel any pending advertisements; shall terminate any advertising activity to the duration of the term of his suspension; and shall not allow his name to be used by a law firm in any manner until he is reinstated;

5. Pursuant to SCR 3.390, McEnroe shall not, during the term of suspension, accept new clients or collect unearned fees; and

6. In accordance with SCR 3.450, McEnroe is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $34.05.

MINTON, C.J., ABRAMSON, CUNNINGHAM, KELLER, NOBLE, and SCOTT, JJ., concur. VENTERS, J., not sitting.

ENTERED: September 26, 2013.

/s/ John D. Minton, Jr.