TO BE PUBLISHED

# Supreme Court of Kentucky

2016-SC-000096-KB

VISAHARAN SIVASUBRAMANIAM            MOVANT

V.            IN SUPREME COURT

KENTUCKY BAR ASSOCIATION            RESPONDENT

## OPINION AND ORDER

Movant, Visaharan Sivasubramaniam, Kentucky Bar Association (KBA) Number 95337, was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2013. His bar roster address is 73 Thompson Poynter Rd. #8, London, Kentucky 40741. He moves this Court to sanction him by means of a five-year suspension from the practice of law for his admitted violation of SCR 3.130-8.4(b). The Kentucky Bar Association has no objection, as the parties have agreed to a negotiated sanction pursuant to SCR 3.480(2).

Movant, who was also licensed to practice medicine in the Commonwealth of Kentucky, owned and operated Hematology Oncology Physicians East (HOPE). Movant was responsible for providing HOPE's financial information to accountants for the preparation of the company's 2008 and 2009 United States income tax returns (well before his admission to the Bar in 2013). Movant admits that he knowingly inflated medical supply

expenses for these tax years, ultimately resulting in an underpayment of federal taxes of more than $4.5 million.

Movant pled guilty to two counts of subscribing to a false tax return and has since paid full restitution of the entire unpaid tax principal. He admits that his actions violated SCR 3.130-8.4(b) which provides that it is misconduct for an attorney to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." He moves this Court to suspend him from the practice of law for five years pursuant to this violation. The KBA agrees, as the parties have reached a negotiated sanction. After examining our case law, we agree that this is an adequate sanction.

This Court recently imposed a five-year suspension on an attorney, Gary Goble, who violated SCR 3.130-8.4(b) and (c) when acting as the business manager and fiduciary of the 401(k) plan for a business. *Kentucky Bar Ass'n v. Goble*, 424 S.W.3d 423, 428 (Ky. 2014). Goble withheld more than $16,000 in funds from employees' pay, purportedly for deposit in the business's 401(k) plan, but he failed to deposit those funds in said account, resulting in nearly $3,500 in lost opportunity costs. Goble also issued checks for more than $5,000 from an account which he knew did not have sufficient funds to cover the withdrawals. Goble ultimately pled guilty to two counts of "failure to make required disposition of property of over $500 but less than $10,000 and one count of theft of labor over $500 but less than $10,000." *Id.* at 425 (footnote

2

omitted). Goble had no previous bar disciplinary actions and paid full restitution.

While noting that "our precedent is crystal clear: we treat criminal financial misconduct by attorneys very seriously; and we have previously found that disbarment was appropriate for *numerous* attorneys who had committed criminal offenses involving dishonesty in financial matters," *Kentucky Bar Ass'n v. Rorrer*, 222 S.W.3d 223, 229 (Ky. 2007), and citing a number of cases involving criminal financial misconduct, this Court, nonetheless held that a five-year suspension from the practice of law was the appropriate sanction in Goble's case. In holding this sanction appropriate the Court pointed out that:

> we have also recently imposed less severe penalties on attorneys who engaged in dishonesty involving financial matters. In *Kentucky Bar Ass'n v. Hawkins*, 260 S.W.3d 337, 338 (Ky. 2008), Hawkins took several settlement checks made payable to his client and converted them to his own use. We suspended Hawkins from the practice of law for five years. In *Elliott v. Kentucky Bar Ass'n*, 341 S.W.3d 119, 120 (Ky. 2011), we suspended Elliott from the practice of law for two years after he pled guilty to issuing a check for $8,124.95 when he knew there were not sufficient funds in the account. In *Kentucky Bar Ass'n v. Hammond*, 241 S.W.3d 310, 316 (Ky. 2007), we suspended Hammond's license to practice law for five years when, among other things, he failed to return unearned retainer fees to four clients.

*Goble*, 424 S.W.3d at 428.

This Court noted three reasons that Goble's violations merited a lesser sanction: (1) that his violations did not arise out of the practice of law, (2) the monetary amount was less than that typical in a permanent disbarment case, and (3) Goble had no prior discipline. Just as in *Goble*, Movant's violations did

3

not arise out of the practice of law and he had no prior disciplinary history.[1] Admittedly, Movant's violations involve a large monetary amount, but we note that he has repaid the federal government in full and taken full responsibility for his actions.

In another similar case, this Court suspended Charles McEnroe from the practice of law for five years after he pled guilty "to willfully attempting to evade and defeat payment of income and employment taxes owed to the United States for the calendar years 1993 to 2008." *McEnroe v. Kentucky Bar Ass'n*, 408 S.W.3d 750, 751 (Ky. 2013). McEnroe was ordered to pay restitution for more than $350,000, but had yet to begin repayment. In spite of the fact that McEnroe had yet to pay restitution and in spite of the fifteen-year period in which his violations occurred, this Court held a five-year suspension to be the appropriate sanction, conditioned upon his participation in the Kentucky Lawyer Assistance Program in order to address his alcohol problem.

While Movant's case involves a much larger amount of money than McEnroe's, we note that Movant's violations occurred over a much shorter time period. Also, unlike McEnroe,[2] Movant has repaid all amounts owed to the federal government.

---

[1] In fact, Movant's actions amounting to this ethical violation occurred years before he was admitted to the practice of law. Movant disclosed the pending IRS audit and investigation to the Office of Bar Admissions prior to his admission to the Bar.

[2] We note that McEnroe died in 2014, a year into his five-year suspension.

In light of our recent precedent and the circumstances of Movant's case, we agree with Movant and the KBA that the negotiated sanction is appropriate. Therefore, it is ORDERED that:

1. Movant, Visaharan Sivasubramaniam, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct and is suspended for five years from the practice of law for those violations.

2. As required by SCR 3.390, Movant, to the extent necessary given that he is currently suspended, will within 10 days after the issuance of this order of suspension notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Movant shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Movant shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

3. As stated in SCR 3.390(a), this order shall take effect on the tenth day following its entry. Movant is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not during the term of suspension accept new clients or collect unearned fees, and shall comply with the provisions of SCR 3.130–7.50(5).

5

4. In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $113.38, for which execution may issue from this Court upon finality of this Opinion and Order.

All Sitting. All concur.

ENTERED: May 5, 2016.

_____
CHIEF JUSTICE