TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0489-KB

VISAHARAN SIVASUBRAMANIAM                                        MOVANT

                              IN SUPREME COURT
V.

KENTUCKY BAR ASSOCIATION                                  RESPONDENT

## OPINION AND ORDER

Visaharan Sivasubramaniam, whose Kentucky Bar Association (KBA) Number is 95337 and Bar Roster Address is 73 Thompson Poynter Road, Suite B, London, Kentucky 40741, was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 2013. In 2016, this Court approved the negotiated sanction of a five-year suspension of Sivasubramaniam's license. He now requests this Court to approve his Application for Reinstatement to the Kentucky Bar. We approve his application after reviewing the Character and Fitness Committee's findings and recommendation and the Board of Governor's adoption of the Committee's findings and its unanimous vote for reinstatement.

## I. FACTUAL BACKGROUND

Sivasubramaniam, who was also licensed to practice medicine in the Commonwealth of Kentucky, owned and operated Hematology Oncology

Physicians East. Following his admission to the Bar in 2013, he was indicted on two counts of subscribing to false United States income tax returns for years 2008 and 2009. He admitted that he knowingly inflated medical supply expenses for these tax years, resulting in an underpayment of federal taxes, and pled guilty. Since that time he has served his sentence for his conviction and has paid full restitution of the entire unpaid tax principal. In order to fully pay his restitution, Sivasubramaniam took out a loan in the amount of $300,000.00 from his father-in-law, Srikanth Maddineni, which is witnessed by a promissory note dated May 11, 2017. While Sivasubramaniam is presently in compliance with the terms of that note, it has not yet been paid in full.

## II. PRIOR DISCIPLINARY ACTION

The KBA and Sivasubramaniam agreed, pursuant to SCR 3.480(2), to a negotiated sanction of a five-year suspension for his admitted violation of SCR 3.130–8.4(b) which provides that it is misconduct for an attorney to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

In *Sivasubramaniam v. Kentucky Bar Association*, 487 S.W.3d 891 (Ky. 2016), we examined our case law regarding similar violations and previous sanctions and agreed that a five-year suspension was an adequate sanction under the totality of the circumstances. In doing so we stated, "[j]ust as in *Goble*[1], [Sivasubramaniam's] violations did not arise out of the practice of law

---

[1] *Kentucky Bar Ass'n v. Goble,* 424 S.W.3d 423 (Ky. 2014).

and he had no prior disciplinary history. Admittedly, Movant's violations involve a large monetary amount, but we note that he has repaid the federal government in full and taken full responsibility for his actions," and his "actions amounting to this ethical violation occurred years before he was admitted to the practice of law." We also noted he had "disclosed the pending IRS audit and investigation to the Office of Bar Admissions prior to his admission to the Bar." *Id.* at 893.

At present, Sivasubramaniam is working as a physician in New York but also maintains a home in Kentucky. On May 5, 2021, he applied for reinstatement. After he had completed the required continuing legal education, and paid all necessary fees, the KBA agreed to submit a joint filing to the KBA's Character and Fitness Committee.

On November 19, 2021, the Committee accepted the joint filing and submitted a Joint Agreed Findings of Fact, Conclusions of Law, and Recommendation to the KBA Board of Governors. On May 6, 2022, the Board of Governors, by unanimous vote, recommended that Sivasubramaniam's application for reinstatement be approved by this Court subject to certain enumerated conditions. First, he must provide status reports on or before July 1st of each year to the Office of Bar Counsel and the Character and Fitness Committee documenting his compliance with the terms of the $300,000.00 promissory note until paid in full. Second, that he must comply with SCR 3.510(4)[2] and successfully complete the reinstatement bar exam. Lastly, his

---

[2] SCR 3.510(4) was subsequently deleted by Order of the Supreme Court 2022-11 and replaced by SCR 3.503(6).

reinstatement is contingent upon payment of any outstanding bar dues, CLE compliance, and payment of the costs of the action.

On August 12, 2022, Sivasubramaniam sat for the special reinstatement bar exam and the Director and General Counsel of the Kentucky Office of Bar Admissions sent notification of his passing the exam on November 1, 2022. Following receipt of this notification, on January 6, 2023, the Office of Bar Counsel submitted the KBA's Brief in Support of Reinstatement to this Court.

### III.  ANALYSIS

We have approved reinstatement applications like Sivasubramaniam's before.  In *Huffman v. Kentucky Bar Association*, 14 S.W.3d 555, 556 (Ky. 2000), an attorney received a four-year suspension after she was found guilty of engaging in illegal conduct involving moral turpitude; conduct involving dishonesty, fraud, deceit or misrepresentation; and conduct which adversely reflected upon her fitness to practice law.  Huffman's ethical violations stemmed from her participation in a monetary kickback scheme to assist an elected official fund a campaign.  This Court approved Huffman's application after the Board voted unanimously for reinstatement because she demonstrated rehabilitated behavior and had completed all necessary administrative steps.

We find the circumstances here to be like those in *Huffman*. Sivasubramaniam was suspended for five years after one disciplinary action was brought against him.  The record reflects that he was compliant and forthright throughout. Since then, he has been rehabilitated and completed all terms necessary for reinstatement and the Character and Fitness Committee, Board of

4

Governors, and Kentucky Bar Counsel all endorse reinstatement. For these reasons, we grant Sivasubramaniam's reinstatement provided he complies with the conditions of reinstatement

Therefore, pursuant to SCR 3.503, it is hereby ORDERED that Visaharan Sivasubramaniam's application for reinstatement to the practice of law in the Commonwealth of Kentucky is granted conditioned upon the following:

1. Payment of all costs associated with these proceedings in accordance with SCR 3.503(5), said sum being $237.78.

2. Sivasubramaniam continuing to provide to the Office of Bar Counsel and the Character and Fitness Committee, on or before July 1st of each calendar year, documentation evidencing his continuing compliance with the terms of the May 11, 2017, promissory note until paid in full; and

3. Payment of any outstanding bar dues and current CLE compliance.

All sitting. All concur.

ENTERED: March 23, 2023

_____
CHIEF JUSTICE