TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0214-KB

JOE STEWART WHEELER          MOVANT

V.          IN SUPREME COURT

KENTUCKY BAR ASSOCIATION          RESPONDENT

## OPINION AND ORDER

Joe Stewart Wheeler was admitted to practice law in the state of Kentucky on October 3, 2019, and his bar roster address is 383 W. 4th Street Russellville, Kentucky, 42276. Wheeler filed a motion to Resign under Terms of Permanent Disbarment following his temporary suspension starting on March 24, 2022. The Kentucky Bar Association (KBA) states that it has no objection to Wheeler's motion. Therefore, Wheeler's motion to Resign under Terms of Permanent Disbarment is granted.

## I. BACKGROUND

On March 25, 2022, in the Logan Circuit Court, Wheeler was indicted on one count of Theft by Unlawful Taking or Disposition ($10,000 or more), a class C felony, and one count of Theft by Unlawful Taking or Disposition ($1,000 or more), a class D felony. Following his indictment, Wheeler entered an *Alford* Plea

on December 1, 2022, to two counts of Unlawful Taking or Disposition ($1,000 or more), a class D felony. Following his *Alford* Plea, in the Offer on a Plea of Guilty, Wheeler admitted to taking funds from one of his client's, Margie Gibbs, trust fund and depositing said funds into his own account. Wheeler was sentenced to a five-year probated sentence.

Prior to his guilty plea, the Inquiry Commission opened an investigation into Wheeler to follow along with the criminal investigation by the Attorney General and the case itself in Logan County Circuit Court. Notably, both the KBA and Wheeler acknowledge that based upon his actions, there is probable cause for the Inquiry Commission to charge him with violating SCR 3.130(8.4)(b) and SCR 3.130(8.4)(c). In *Troutman v. KBA*, 275 S.W.3d, 175 (Ky. 2008), the Court held that an attorney's entry into an *Alford Plea* is enough evidence to prove the attorney violated SCR 3.130(8.4)(b). Moreover, in *Greene v. KBA*, 390 S.W.3d, 102 (Ky. 2012)—which involves a nearly identical situation as the case at hand—this Court held that such actions constituted violations of SCR 3.130(8.4)(b) and SCR 3.130(8.4)(c), warranting permanent disbarment. However, in consideration of the Inquiry Commission's investigation, Wheeler has requested to Resign under Terms of Permanent Disbarment before the Inquiry Commission issues formal charges of misconduct.

## II. DISCIPLINE

Based on his own admission of ethical violations, Wheeler requests that this court grant his motion to Resign under Terms of Permanent Disbarment.

2

We agree that Wheeler's motion is appropriate pursuant to SCR 3.480(3). Therefore, the Court sustains his motion and ORDERS:

(1) Joe Stewart Miller, KBA Member No. 75983, is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky.

(2) In accordance with SCR 3.450, Wheeler shall pay all costs associated with these disciplinary proceedings, said sum being $96.25, for which execution may issue from this Court upon finality of this Opinion and Order.

(3) Pursuant to SCR 3.390, Wheeler shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, in writing, of his inability to represent them; notify, in writing, all courts in which he has matters pending of his disbarment from the practice of law; and furnish copies of all letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible, Wheeler shall immediately cancel and cease any advertising activities in which he is engaged.

VanMeter, C.J.; Bisig, Conley, Keller, Lambert, Nickell, JJ., sitting. All concur. VanMeter, C.J., also concurs by separate opinion in which Bisig and Conley, JJ., join. Thompson, J., not sitting.

VANMETER, C.J. CONCURRING: I completely agree that the theft of client funds while serving in a fiduciary capacity merits permanent disbarment. Here, Joe Stewart Wheeler took $20,000, in two checks, while serving as trustee. He has since apparently made full restitution. This sanction comports

3

with that imposed *Kentucky Bar Ass'n v. Edwards,* 377 S.W.3d 557 (Ky. 2012) (permanent disbarment for theft of $78,000 by co-curator) and *Kentucky Bar Ass'n v. Christian,* 320 S.W.3d 687 (Ky. 2010) (permanent disbarment for theft of $13,000 by executor).  Conversely, this sanction is a greater one than that imposed recently in *Peppers v. Kentucky Bar Ass'n,* 644 S.W.3d 513 (Ky. 2022) (five-year suspension for theft of $24,000 by conservator) or in *Kentucky Bar Ass'n v. Calvert,* 607 S.W.3d 700 (Ky. 2020) (five-year suspension for trustee's inability to account for $91,000).

Without doubt, a five-year suspension is extremely significant, but, in my view, we should have zero tolerance for such violations, and should consistently impose the most severe sanction available: permanent disbarment. *See Matter of Wilson,* 81 N.J. 451, 461, 409 A.2d 1153, 1157–58 (1979) (holding that "maintenance of public confidence in this Court and in the bar as a whole requires the strictest discipline in misappropriation cases. That confidence is so important that mitigating factors will rarely override the requirement of disbarment.  If public confidence is destroyed, the bench and bar will be crippled institutions[]"); *see generally* ANNOTED STANDARDS FOR IMPOSING LAWYER SANCTIONS 145-154 (Ellyn S. Rosen ed., AM. BAR ASS'N 2019) (discussing cases imposing permanent disbarment for misappropriation of client funds).  We would not be alone in enforcing a rule of presumptive disbarment in cases of intentional misappropriation of client funds.  *See, e.g., In re Wike,* 290 A.3d 936 (D.C. 2023) ("Disbarment is the presumptive sanction for intentional misappropriation of client funds"); *Fla. Bar v. Alters,* 260 So.3d

4

72, 84 (Fla. 2018) ("Disbarment is the presumptively appropriate sanction. . . when a lawyer intentionally misappropriates trust funds[]"); *Iowa Supreme Court Disciplinary Bd. v. Fischer*, 973 N.W.2d 267, 274 (Iowa 2022) ("Normally, [m]isappropriation of funds held in trust results in revocation"); *In re Disciplinary Action Against Udeani*, 984 N.W.2d 550, 553 (Minn. 2023) ("Misappropriation of client funds alone is particularly serious misconduct and usually warrants disbarment"); *Matter of Wade*, 275 A.3d 426, 438 (N.J. 2022) ("[K]nowing misappropriation will lead to disbarment[]"); *Disciplinary Counsel v. Sharp*, 205 N.E.3d 484, 422-23 (Ohio 2022) ("[D]isbarment is the appropriate sanction for misappropriation of client funds[]"); *In re R.M.W.*, 486 F.Supp.2d 518, 532-33 (S.D. Md. 2007) (Noting that among the six states with true permanent disbarment, which includes Kentucky, most have "strong presumptions favoring disbarment for misappropriation of client funds").

Bisig and Conley, JJ., join.

ENTERED: August 24, 2023

CHIEF JUSTICE

5