Christie L. **WRIGHT**, Movant,

v.

**KENTUCKY BAR ASSOCIATION,**
Respondent.

No. 2005–SC–000476–KB.

Supreme Court of Kentucky.

Aug. 25, 2005.

Christie Lynn Wright, Belcher, Counsel for Movant.

Bruce K. Davis, Executive Director, Jay R. Garrett, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Respondent.

## OPINION AND ORDER

LAMBERT, Chief Justice.

Movant, Christie L. Wright, moves the Court to impose the sanction of a Public Reprimand to which the Kentucky Bar Association (KBA) agrees. Movant admits that she is guilty of all violations, and we grant her motion for a Public Reprimand.

Movant was admitted to the practice of law on October 16, 1998, and maintains a bar roster address at P.O. Box 314, Belcher, Kentucky 41513. Movant admits that she is guilty of violating the Rules of Professional Conduct as set out in Counts I and II in the KBA Charge 10611.

On February 4, 2003, by order of Kentucky Supreme Court, Movant was suspended for non-compliance with Continuing Legal Education (CLE) requirements. Movant was restored to membership by order of the Kentucky Supreme Court on June 24, 2003.

On April 28, 2003, while under suspension, Movant received a document filed by the Clerk of the Kentucky Court of Appeals entitled "Return of Unauthorized Pleading" in a case in which Movant was representing the Appellee, CertainTeed Corporation. The clerk's notice stated that CertainTeed's pleading was being returned to Movant because it was unauthorized as a reply to a response without leave of the Court, and because Movant was not authorized to practice law in Kentucky nor had she filed a motion to proceed *pro hac vice.*

After receiving this document, Movant appeared in Fayette Circuit Court at a prehearing conference on April 30, 2003. Despite her knowledge that there was a question regarding her license to practice law in the Commonwealth of Kentucky, Movant did not inform the Court that she had been suspended, or that there was a question regarding her membership status with the KBA. Movant stated that she did not receive the notice of her suspension prior to receipt of such notice from the Court of Appeals.

On July 17, 2003, the Fayette Circuit Court entered an order in the case of *Linda Ann Hurst, et al. v. Cardinal Industrial Installation, Inc., et al.,* disqualifying Movant as counsel for CertainTeed, one of the defendants in the case. The court also disqualified the law firm of Hawkins & Parnell, Movant's employer at the time. The trial court struck all pleadings filed by Movant and Hawkins & Parnell since February 4, 2003, the date Movant violated the suspension order, engaged in the practice of law, filed pleadings on behalf of CertainTeed, and represented CertainTeed in the Fayette Circuit Court.

█ Movant admits that she violated SCR 3.130–5.5(a) as stated in Count I of the Charge. That rule provides that a lawyer shall not "practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction." Movant violated SCR 3.130–5.5(a) when she practiced law in the Commonwealth of Kentucky following her suspension from the practice of law on February 4, 2003.

Additionally, Movant admits that she violated SCR 3.130–3.3(a)(2) as set out in Count II of the KBA Charge. That rule provides that a lawyer shall not knowingly "fail to disclose a material fact to the tribunal when disclosure is necessary to avoid a fraud being perpetrated on the tribunal." Movant violated SCR 3.130–3.3(a)(2) when she appeared and represented a client in the Fayette Circuit Court, but failed to inform the Court that she had been sus-

pended from the practice of law, or that there was a question regarding her membership status with the Kentucky Bar Association. Movant apologized to the Fayette Circuit Court for her actions and said that she has no prior disciplinary history.

Movant admits that she violated SCR 3.130–5.5(a) as set out in Count I of the Charge; and that she violated SCR 3.130–3.3(a)(2) as set out in Count II of the Charge. Movant admits that she violated these rules and states that she has agreed to imposition of discipline.

 IT IS HEREBY ORDERED that

1. Movant, Christie L. Wright, shall be and is hereby Publicly Reprimanded.
2. Movant, Christie L. Wright, shall complete, at her expense, ten hours of remedial ethics education, separate and apart from fulfillment of any other continuing legal education requirements, within two years of the date after filing of this order for Public Reprimand.
3. The remedial ethics education shall be satisfied by Movant's, Christie L. Wright's, personal attendance at live legal education or adult educational programs to be approved in advance by the Kentucky Bar Association Office of Bar Counsel and with subject matter related to compliance with the rules of the Court. Movant shall not apply for or obtain continuing legal education credits for her attendance at these programs. Movant shall provide the CLE commission with a release to allow the Office of Bar Counsel to review her confidential CLE records, so it can verify that she has not applied for CLE credit for any such remedial ethics training as she completes it.
4. If Movant, Christie L. Wright, fails to comply with any of the terms of discipline set forth hereinabove, or receives a charge of professional misconduct during the two year period after entry of this order, upon Motion of the Kentucky Bar Association Office of Bar Counsel, the Court may convert the Public Reprimand to a thirty day suspension from the practice of law.
5. In accordance with SCR 3.450, Movant, Christie L. Wright, is directed to pay all costs associated with these disciplinary proceedings in the amount of $63.99 for which execution may issue from this Court upon finality of this Order.

All concur.