**Kari M. MORTON, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2007–SC–000407–KB.**

Supreme Court of Kentucky.

Aug. 23, 2007.

**OPINION AND ORDER**

The Movant, Kari M. Morton, KBA Member No. 88294, 21 North Main Street, Madisonville, KY 42431, moves this Court to find her guilty as charged by the Inquiry Commission in KBA Files 13106 and 13194. Movant requests this Court to enter a thirty (30) day suspension from the practice of law for her conduct and to order repayment of an unearned fee totaling $361.00 within ten (10) days of entry of the Court's Order. The Kentucky Bar Association (KBA) has no objection. We so find and enter such orders.

*I. KBA File 13106*

Movant was properly served with the complaint by the Inquiry Commission on

October 13, 2005. The complaint alleged that Movant violated SCR 3.130–1.3 (a lawyer shall act with reasonable diligence in representing a client), SCR 3.130–1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests), SCR 3.130–3.4(c) (a lawyer shall not knowingly or intentionally disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists), SCR 3.130–4.4 (in representing a client, a lawyer shall not knowingly use means that have no substantial purpose other than to embarrass, delay, or burden a third person), SCR 3.130–5.5(a) (a lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction), and SCR 3.130–8.1(b) (a lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority).

These charges stemmed from Movant's representation of Lorenza Delbert Estes III in a matter before the Court of Appeals. On October 14, 2004, at a pre-hearing conference, the case was settled and Movant was to prepare the Agreed Order resolving all issues and a Joint Motion to dismiss the appeal. Movant failed to prepare either document and the appeal proceeded. On or about January 13, 2005, an attorney for the plaintiff called and left a message for Movant regarding the case. Movant failed to return the phone call.

On January 12, 2005, Movant was suspended from the practice of law for falling fifteen (15) minutes short of her yearly Continuing Legal Education requirements. The suspension required Movant to notify her clients by letter of her inability to continue to represent them and that they should retain new counsel. Movant failed to comply as she never notified her clients in writing.

Further, in a letter of response to the Office of Bar Counsel on June 30, 2005, Movant used letterhead that read "Kari M. Morton, Attorney at Law, 19 North Main Street, Madisonville, Kentucky 42431." In that letter, Movant wrote that she was currently representing less than ten (10) clients. At the time the letter was sent, Movant's license to practice law was still suspended. On July 26, 2005, the Office of Bar Counsel responded with a letter asking why Movant had not complied with the terms of suspension, why she was continuing to hold herself out as an attorney, and why she stated she was currently representing clients. Movant failed to respond. The Office of Bar Counsel sent another letter on August 8, 2005, and Movant again failed to respond. After failing to respond to the Inquiry Commission Complaint served on October 13, 2005, a reminder letter was served via certified mail on November 12, 2005. Movant never filed a response to the complaint. A six-count charge was issued against Movant March 3, 2006.

## II. KBA File 13194

Movant was properly served with an Application for Relief under the Client's Security Fund, which was processed as a bar complaint and instigated by Kristie M. Powell on October 7, 2005. The complaint alleged that Movant violated SCR 3.130–1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation), SCR 3.130–1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests), SCR 3.130–3.4(c) (a lawyer shall not knowingly or intentionally disobey an obligation under the rules of a tribunal, except for an open refusal based on an assertion that no valid obligation exists),

SCR 3.130–5.5(a) (a lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction), SCR 3.130–8.3(b) (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects), SCR 3.130–8.3(c) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation), and SCR 3.130–8.1(b) (a lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority).

These charges stemmed from Movant representing Powell in an uncontested divorce starting in November 2003. The total fee for the services was to be $561.00–$200.00 was to be paid upfront and the remaining $361.00 was to be paid once the Petition for Dissolution of Marriage was signed. In January 2004, Powell was informed by Movant that Powell's pregnancy changed the status of her divorce and Movant advised Powell to wait until the child was born to proceed.

In March 2005, Powell returned to Movant's office and paid the remaining balance of $361.00. Movant then informed her that the matter would be completed in thirty (30) days. In April 2005, Powell learned that Movant was suspended from the practice of law and that her divorce had not been filed. At the time, Movant was still suspended for the failure to complete she filed this Continuing Legal Education requirements. Movant never told Powell that she was suspended. Further, Movant never responded to the complaint until her Motion for Suspension from the Practice of Law.

In her motion before this Court, Movant admits violating the Rules of Professional Conduct as set forth in both files. In response to the Movant's motion, the KBA states that it has no objection to this matter being resolved with the discipline requested by Movant. The KBA compares this case with *Wright v. Kentucky Bar Association*, 169 S.W.3d 858 (Ky.2005), where an attorney continued to practice law after a notice of suspension. In *Wright, supra*, the attorney was cooperative with the KBA, only had one incident of unauthorized practice, and there was no indication that an unearned fee was accepted. The punishment therefore was a public reprimand with the requirement that the attorney also complete ten hours of remedial ethics. However, the KBA notes that suspension is warranted in this case because no such mitigating factors were present.

### III. Conclusion

Movant has admitted violating the Rules of Professional Conduct in this case. Upon the foregoing facts and charges we find sufficient evidence to adjudicate Movant guilty of the charges in KBA Files 13106 and 13194. We further hold in light of Movant's conduct that her Motion should be granted.

Thus, it is ORDERED that:

1. Kari M. Morton, KBA Member No. 88294, is adjudged guilty of the charges made in KBA Files 13106 and 13194.

2. Kari M. Morton, KBA Member No. 88294, shall therefore be suspended from the practice of law for thirty (30) days, effective as of the date hereof, and the amount of $361.00 in unearned fees shall be repaid to Kristi Powell within ten (10) days of this Order of suspension.

3. In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings in the amount of $93.50 for

which execution may issue from this Court upon finality of this Order.

All sitting. LAMBERT, C.J.; CUNNINGHAM, MINTON, NOBLE, SCHRODER and SCOTT, JJ., concur.

ENTERED: August 23, 2007.

/s/ Joseph E. Lambert
  Chief Justice