Mark Joseph SMITH, Movant

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2008–SC–000136–KB.

Supreme Court of Kentucky.

April 15, 2008.

## OPINION AND ORDER

JOSEPH E. LAMBERT, Chief Justice.

Movant, Mark Joseph Smith, moves this Court to enter an order of public reprimand with the condition that he attend a remedial CLE program. The proposed sanction was negotiated with Bar Counsel pursuant to SCR 3.480(2). The Kentucky Bar Association (KBA) states that it has no objection to the motion.

Movant was admitted to the practice of law on May 1, 1991. His KBA Member Number is 83858 and Bar Roster Address is 616 South Fifth St., Louisville, KY 40202.

The Charge brought against Movant stems from two court appearances while he was suspended from the practice of law. Movant was suspended for fifteen days by Order of this Court on January 19, 2006. The Order stated the suspension would "continue until [Movant was] reinstated pursuant to SCR 3.510," which requires the filing of an affidavit of compliance with the terms of the suspension with the Clerk and Bar Counsel in order for the suspension to expire by its own terms. Before filing such an affidavit, Movant appeared in court in Jefferson and Nelson County, representing clients in both instances. The Charge indicates that he may also have filed a civil lawsuit on behalf of a client during the period of suspension. On March 1, 2006, Movant was advised of the continuing nature of his suspension, at which time he states he ceased practicing law. He filed the required affidavit on March 3, 2006. Movant states that he mistakenly believed that his suspension expired automatically and that no further action was required.

Movant admits to violating SCR 3.130–4.1 (knowingly making a false statement) and SCR 3.130–5.5 (practicing law in violation of regulation of the legal profession) as alleged in the two counts of the Charge against him in KBA File 14020.

The KBA acknowledges that a public reprimand is an appropriate sanction for Movant's behavior and declines to object to the proposed sanction under SCR 3.480(2). In support of this position, it cites the similar case of *Wright v. Kentucky Bar Association*, 169 S.W.3d 858 (Ky.2005), in which the attorney engaged in the practice of law while her license was suspended. The attorney in that case received a public reprimand and was required to attend six hours of remedial ethics education.

Acceptance of the proposed negotiated sanction falls within the discretion of the Court: "The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." SCR 3.480(2). However, given that the discipline proposed by Movant conforms to our previous case, and it appears generally to be adequate, the Court hereby approves it and therefore declines further review of the matter.

ACCORDINGLY, IT IS ORDERED THAT:

(1) Movant, Mark Joseph Smith, is publicly reprimanded for admittedly violating SCR 3.130–4.1 and SCR 3.130–5.5 by appearing in court and representing clients while suspended from the practice of law.

(2) The public reprimand is granted in lieu of other sanctions only on the condition that Movant attend remedial education in the form of the Ethics and Professional Enhancement Program presented by the Office of Bar Counsel on April 18, 2008 and that he pass the examination given at the end of the program. Movant will not apply for CLE credit of any kind for his attendance at the Ethics and Pro-

fessional Enhancement Program, and is required to furnish a release and waiver to the Office of Bar Counsel to review his records in the CLE department that might otherwise be confidential, with such release to continue in effect for one year after completion of the remedial education, in order to allow the Office of Bar Counsel to verify that Movant has not reported any hours to the CLE Commission that are taken as remedial education.

(3) If Movant fails to comply with any of the terms of discipline as set forth herein, including failure to attend and pass the Ethics and Professional Enhancement Program offered by the Office of Bar Counsel, upon motion of the Office of Bar Counsel, the Court may impose other discipline in this matter.

(4) In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $35.14, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.