**KENTUCKY BAR ASSOCIATION,
Movant,**

v.

**David KAPLAN, Respondent.**

No. 2011–SC–000038–KB.

Supreme Court of Kentucky.

March 24, 2011.

## OPINION AND ORDER

Respondent, David Kaplan, stands accused of numerous violations of the Rule of Professional Responsibility, mostly relating to his unlicensed practice of law beginning in September of 2006. The trial commissioner has recommended that Respondent, whose KBA Member Number is 37240 and whose bar admission date was April 24, 1959, be found to have committed the ethical violations and suspended from the practice of law for a period of five years. This Court, finding no reason for further review, adopts the recommendation of the trial commissioner.

On September 21, 2006, this Court suspended Respondent from the practice of law for 30 days. According to this Court's order, the suspension would "expire by its own terms subject to the provisions of SCR 3.510(2)." Pursuant to those provisions, the Office of Bar Counsel objected to automatic reinstatement on September 26, 2006. Thus Respondent has remained suspended to date. He is charged with violating the Rules of Professional Responsibility through his participation in eight different matters during this period of suspension.

On October 3, 2006, just twelve days into his suspension, Respondent filed an entry of appearance and motion for a continuance on behalf of William Demarlo Fairman's criminal defense. Two weeks later, he requested an additional continuance. He also participated in settlement negotiations with the Commonwealth. He never informed opposing counsel or the court that his license had been suspended. During this time he was representing Fairman, he addressed a letter to the Office of Bar Admissions, using letterhead that continued to identify himself as an attorney. The trial commissioner found that as part of this unauthorized practice of law, Respondent violated SCR 3.130–3.3(a)(2), –3.4(c), –5.5(a), and –8.3(c).[1]

On November 14, 2006, Respondent filed an affidavit in support of his motion to terminate suspension. His affidavit swore that he had complied with the terms of his suspension, which included refraining from the practice of law. As Respondent had actually continued to practice law through the original 30 day suspension and thereafter, this affidavit was false. In falsifying his affidavit, the trial commissioner found Respondent in violation of SCR 3.130–3.3(a)(1) and (2).

Long before Respondent's 2006 suspension, he had been sued in Jefferson Circuit Court by a former client for legal malpractice. In that legal malpractice case, Respondent received an initial judgment in his favor. However, after newly discovered information was presented to the trial court showing how Respondent had lied

---

1. The recommendation and this opinion refer to the Rules of Professional Responsibility prior to re-codification because these old rules were in effect at the time the alleged violations occurred.

during trial depositions, the court reopened the case and ultimately entered a judgment against Respondent. Respondent appealed the reopening of the case to the Court of Appeals which, in turn, remanded for specific findings regarding Respondent's falsification of information. Following the Court of Appeals' instruction, the Jefferson Circuit Court made specific findings, including that Respondent had lied under oath. For giving false testimony, the trial commissioner found Respondent in violation of SCR 3.130–3.3(a)(1) and (2) and –8.3(c).

In another alleged infraction related to his representation of Fairman, discussed above, Respondent accepted a payment of $2,000.00 on September 19, prior to his suspension, and another $1,000.00 on September 22, during his period of suspension. Respondent never informed his client, or his client's mother, who had procured payment, of the suspension. In his representation of Fairman, Respondent made only the limited court appearance described above, and did so while unauthorized to practice. Nonetheless, he failed to return any portion of the $3,000.00. For accepting payment while unauthorized to practice law, and failing to return any portion of the unearned fee, the trial commissioner found Respondent in violation of SCR–1.15(b), –1.16(d), and –8.3(c).

While suspended, Respondent also represented Darlene Grubbs in her divorce proceeding. As part of this representation, he sent settlement papers to the attorney of Darlene Grubbs' husband, which gave the impression he was authorized to practice law. For holding himself out as a licensed attorney, the trial commissioner found Respondent in violation of SCR 3.130–5.5(a) and –8.3(c).

Respondent further engaged in the practice of law by representing Amarilus Palacios in her lawsuit against Michael Cox. His representation included attending depositions, corresponding with opposing counsel through telephone conversations and letters, and making an appearance in Jefferson Circuit Court. For engaging in the unauthorized practice of law, as well as misrepresenting himself to both opposing counsel and the court as a licensed attorney, Respondent was found to be in violation of SCR 3.130–3.4(c), –5.5(a), and –8.3(c).

During his suspension Respondent represented another plaintiff, Shawn Allen. In this role, he corresponded with an insurance company, stating that he represented Allen in his personal injury claim against the insurer. The Inquiry Commission issued a complaint regarding this representation. For reasons unclear, Respondent reacted to this complaint by admitting his representation of Allen, but insisting it pertained to a social security, not personal injury, matter. For engaging in the unauthorized practice of law, misrepresenting his authorization to practice, and then lying to the Inquiry Commission about the nature of the litigation, the trial commissioner found Respondent in violation of SCR 3.130–3.4(c), –5.5(a), and –8.3(c).

Finally, just prior to his suspension, Respondent had been hired to represent Phyllis Craft in a slip and fall case against Kroger. He failed to inform Craft that, once he had been suspended, he could no longer continue representation of her case. Craft thus continued to believe she was being represented by Respondent until inquiry to the Kentucky Bar Association informed Craft of the suspension. For failing to advise his client that he could no longer represent her after the onset of his suspension, Respondent was found in violation of SCR 3.130–1.16(d) and –1.4(a).

In evaluating these ethical violations, 22 in total, the trial commissioner considered

Respondent's prior disciplinary record. Upon such consideration, the trial commissioner recommends that Respondent receive a five year suspension from the practice of law, be required to satisfy all Continuing Legal Education requirements during that time, and upon termination of suspension, be required to reapply for admission to the Kentucky Bar Association pursuant to SCR 3.505, SCR 2.040, and SCR 3.510. No review of the commissioner's recommendation, as allowed under SCR 3.370(8), was sought. Because the commissioner's findings and conclusions are supported by the record and the law, and because the recommended sanction is appropriate in light of Respondent's history of prior discipline and the seriousness of the charges, this Court elects not to review the recommendation of the commissioner as allowed under SCR 3.370(9). The recommendation of the commissioner is therefore adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Respondent, David Kaplan, is suspended from the practice of law in the Commonwealth of Kentucky for five years from the date of this Order.

(2) Pursuant to SCR 3.390, Respondent shall, within ten days from the entry of this Opinion and Order, notify all of his clients in writing of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel, and notify all courts in which he has matters pending of his suspension from the practice of law, and simultaneously furnish copies of all such letters of notice to the Director of the Kentucky Bar Association. Furthermore, to the extent possible, Respondent shall immediately cancel and cease any advertising activities in which he is engaged.

(3) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $1,957.01, for which execution may issue from this Court upon finality of this Opinion and Order.

(4) Respondent be required to satisfy all Continuing Legal Education requirements of a regularly practicing and licensed attorney during each year of his suspension.

(5) At the end of this recommended suspension, Respondent be required to reapply for admission to the Kentucky Bar Association and that such application be reviewed under the provisions of SCR 3.505, SCR 2.040, and SCR 3.510.

All sitting. All concur.

ENTERED: March 24, 2011.

/s/ John D. Minton, Jr.
　　Chief Justice