Christopher VAVRO, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2011–SC–000538–KB.

Supreme Court of Kentucky.

Oct. 27, 2011.

## OPINION AND ORDER

Movant, Christopher Vavro, was admitted to the practice of law in the Commonwealth of Kentucky on April 30, 2004. His bar roster address is 8213 Cris Drive, Louisville, Kentucky 40291, and his bar membership number is 90203. Movant is before this Court pursuant to SCR 3.480(2) with a negotiated sanction of a sixty-one day suspension from the practice of law. Upon review of the record, this Court accepts the negotiated sanction.

Movant's troubles began on February 14, 2007, when this Court suspended him for failing to comply with the Continuing Legal Education requirements. In spite of his suspension, Movant continued to represent a Sharcara Johnson in her personal injury claim by sending a letter to Geico Insurance Company stating that he was Ms. Johnson's attorney. Movant attempted to negotiate a settlement with Geico but his client rejected the offer. At a later date, the client tried to contact Movant at his office about her case only to discover that he had moved. The client contacted the Bar Association and a complaint was sent to Movant's Bar Roster address. When it was learned that Movant neither lived at nor received mail at the Bar Roster address, he was personally served by the Jefferson County Sheriffs Office.

The Inquiry Commission issued a four count Charge against Movant (KBA File No. 16960) for violating the Rules of Professional Conduct. Count I charged Movant with violating SCR 3.130–3.4(c),[1] "knowingly or intentionally disobey[ing] an obligation under the rules of a tribunal ..." for failing to maintain a current Roster Address with the Director of the KBA. Count II also charged Movant with violating SCR 3.130–3.4(c) for continuing to practice law following his suspension. Count III charged Movant with violating SCR 3.130–5.5(a) which prohibits "[p]ractic[ing] law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction," for continuing to practice law following his suspension. Count IV charged Movant with violating SCR 3.130–8.3(c) which prohibits "conduct involving dishonesty, fraud, deceit, or misrepresentation," by holding himself out as a licensed Kentucky attorney to Ms. Johnson and Geico Insurance Company when he was under suspension.

Movant negotiated a settlement with Deputy Bar Counsel under SCR 3.480(2) whereby he would admit the four counts as charged in exchange for a sixty-one day suspension, and attendance at the next scheduled Ethics and Professionalism Enhancement Program. Acceptance of the proposed negotiated sanction falls within the discretion of this Court. SCR 3.480(2). Practicing law while under suspension has resulted in a wide range of sanctions, from a public reprimand[2] to a five-year suspension,[3] depending upon the reason(s) for the initial suspension and the extent of subsequent practice. The case *sub judice* is similar to *Morton v. Kentucky Bar Association,* 230 S.W.3d 328 (Ky.2007), wherein the movant was suspended for falling fifteen minutes short of her yearly CLE requirements. Morton was required to notify her clients in writing of said suspension, but failed to do so. When the Office of Bar Counsel made an inquiry, Morton replied on stationary with a letterhead that identified her as an attorney, in which letter she stated that she was currently

---

1. The rules cited are those in effect prior to the July 15, 2009, amendments.

2. *See Wright v. Kentucky Bar Ass'n,* 169 S.W.3d 858 (Ky.2005).

3. *See Kentucky Bar Ass'n v. Kaplan,* 336 S.W.3d 110 (Ky.2011).

representing less than ten clients. Upon further inquiry by the Office of Bar Counsel as to why she was continuing to hold herself out as an attorney and represent clients, Morton failed to respond. Morton received a thirty-day suspension.

In the case *sub judice,* the Movant and the KBA negotiated a sixty-one day suspension because the Movant misrepresented to the client and the insurance company that he was still licensed, continued to practice, and failed to maintain a current Bar Roster Address. This Court is agreeable.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Movant, Christopher Vavro, is adjudged guilty of the charges made in KBA File No. 16960;

2. Movant is hereby suspended from the practice of law in this Commonwealth for sixty-one days, effective as of the date hereof, after which he may apply for restoration pursuant to SCR 3.500.

3. Movant shall attend remedial education in the form of the Ethics and Professionalism Enhancement Program presented by the Office of Bar Counsel and pass the examination given at the end of the program. Movant will not apply for CLE credit of any kind for his attendance at said Program, and is required to furnish a release and waiver to the Office of Bar Counsel to review his records in the CLE department that might otherwise be confidential. Such release shall remain in effect for one year after completion of the remedial education to verify that Movant has not reported any of these remedial hours to the CLE Commission.

4. Movant shall, pursuant to SCR 3.390, notify all courts in which he has matters pending of his suspension from the practice of law, and notify all clients in writing of his inability to represent them and of the necessity and urgency of promptly retaining new counsel by letter duly placed in the United States mail within ten days of the date of this order. He shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association;

5. Movant shall, pursuant to SCR 3.390, to the extent possible and necessary, immediately cancel and cease any advertising activities in which he is engaged; and

6. Movant shall, pursuant to SCR 3.450, pay all costs associated with these disciplinary proceedings against him, said sum being $237.99 for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: October 27, 2011.

/s/ John D. Minton, Jr.
    Chief Justice