# Supreme Court of Kentucky

TO BE PUBLISHED

2014-SC-000197-KB

DATE 7-1-14 [illegible signature]

DONALD KYLE DESKINS                                                      MOVANT
KBA Member No. 88880


V.                          IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                         RESPONDENT


## OPINION AND ORDER

Donald Kyle Deskins (Deskins) moves this Court for a thirty (30) day suspension from the practice of law, to be probated for one (1) year with conditions, for his admitted violations of SCR 3.130-1.3, SCR 3.130-1.4(a)(3), SCR 3.130-1.16(d), SCR 3.130-8.4(c), and SCR 3.130-8.1(b). The Kentucky Bar Association (KBA) states no objection to the proposed discipline, which was negotiated pursuant to SCR 3.480(2). Finding a thirty (30) day suspension from the practice of law, to be probated for one (1) year with conditions, to be the appropriate discipline for his misconduct, we grant Deskins's motion. Deskins, whose KBA number is 88880 and whose bar address is P.O. Box 368, Pikeville, Kentucky 41502, was admitted to the practice of law in the Commonwealth of Kentucky on October 19, 2001.

On December, 3, 2012, the KBA Inquiry Commission issued Deskins a five count charge alleging he violated SCR 3.130-1.3, SCR 3.130-1.4(a)(3), SCR 3.130-1.16(d), SCR 3.130-8.4(c), and SCR 3.130-8.1(b). SCR 3.130-1.3 states,

"A lawyer shall act with reasonable diligence and promptness in representing a client." SCR 3.130-1.4(a)(3) states in pertinent part, "[a] lawyer shall . . . keep the client reasonably informed about the status of the matter." SCR 3.130-1.16(d) states,

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

SCR 3.130-8.4(c) states in pertinent part, "[i]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation." SCR 3.130-8.1(b) states in pertinent part, "a lawyer in connection with a disciplinary matter, shall not . . . knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6." These charges, which are the first against Deskins, arose from the facts set forth below.

Sometime prior to September 2011, Deskins represented Karen Lee Thornsberry (Thornsberry) in the dissolution of her marriage. Subsequent to the entry of her dissolution decree, Thornsberry discovered problems with a quitclaim deed and the property settlement agreement filed in the dissolution action. The problems arose because Deskins filed the deed in the wrong county. As a result, Thornsberry's ex-husband's name remained on the title to

2

the deed, resulting in liens from his post-dissolution debts being placed against the property.

In September, 2011, Thornsberry went to Deskins seeking a remedy for her problems with the deed and liens. Pursuant to Deskins's request, Thornsberry faxed copies of the property settlement agreement and additional information to him. Deskins informed Thornsberry that he would review the documents and then contact her with advice on how to proceed in the matter.

Because Deskins failed to timely contact her, Thornsberry contacted him in February 2012, and again asked Deskins about how to proceed. Deskins told Thornsberry he required three checks to proceed—one for court costs, one for sheriff's costs, and one for attorney's fees—which Thornsberry forwarded to Deskins. Deskins then told Thornsberry that he would file a lawsuit on her behalf to try to resolve the problems with the deed, and that he would contact her regarding any court dates and further instructions.

Deskins again failed to timely contact Thornsberry, so she contacted him in April 2012. Deskins informed Thornsberry that a court date had been set for April 20, 2012; that Thornsberry did not need to appear; and that he would call Thornsberry with the results of the hearing. However, Deskins failed to do so.

On April 30, 2012, Thornsberry called Deskins to inquire about the April 20, 2012 proceedings. Deskins told Thornsberry that the court date had been postponed to May 7, 2012, and he apologized for not informing her. On May 8, 2012, Thornsberry called Deskins to inquire about the May 7, 2012

3

proceedings. Deskins informed Thornsberry that the matter had again been postponed until June 4 or 5, 2012, giving no reason for the delay. On June 6, 2012, Thornsberry called Deskins to inquire about the June 4 or 5 hearing. Deskins told Thornsberry that the matter had been delayed until June 8, 2012. Deskins promised to report the results of the June 8, 2012 court date, but made no such report. On June 11, 2012, Thornsberry called and left a message with Deskins. Deskins returned Thornsberry's call, telling her that the matter was not heard by the judge on June 8, 2012, and that he did not know why the court had not heard it. Deskins then told Thornsberry the matter had been set for July, 17, 2012. On July 18, 2012, Thornsberry again called Deskins, but was told he was out of the office until July, 19, 2012 and to call back then.

Thornsberry then contacted multiple clerks' offices to determine whether any court date had ever been set in her legal matter. She discovered that Deskins had never filed any civil case on her behalf regarding the deed and thus no court date had ever been set. On July 19, 2012, Thornsberry again called Deskins but was again told he was unavailable. Thornsberry informed Deskins's assistant that she knew the case had never been filed, and she requested the return of her file. Deskins's assistant told Thornsberry her file would be in the mail by the following morning.

Deskins did not return Thornsberry's file to her at that time, did not communicate with Thornsberry regarding her matter, and did not refund any of the unearned attorney's fees or expenses. Thornsberry then filed a Bar

4

Complaint against Deskins. It was only then that Deskins returned Thornsberry's money.

On October 20, 2012, the Sheriff served Deskins with a copy of the Bar Complaint, to which Deskins never replied. The Disciplinary Clerk then issued Deskins a copy of the Charge advising him that the Inquiry Commission, through the Office of Bar Counsel, found he violated the five aforementioned Kentucky Rules of Professional Conduct and that if he did not respond he would be subject to further discipline.

In his Motion for Suspension, Deskins admits his actions were in violation of SCR 3.130-1.3, SCR 3.130-1.4(a)(3), SCR 3.130-1.16(d), SCR 3.130-8.4(c), and SCR 3.130-8.1(b). In mitigation for his professional misconduct, Deskins states he was suffering from anxiety and depression-related illnesses corresponding with certain personal and family problems during the events giving rise to this case. In April 2012, Deskins voluntarily entered into a two-year Supervision Agreement with the Kentucky Lawyers' Assistance Program (KYLAP) and is currently in compliance with the terms of that agreement. The KBA made no objection to Deskins's Motion for Suspension with conditions and requested this Court grant Deskins's motion.

Having reviewed this matter, we are also of the opinion that a thirty (30) day suspension from the practice of law, to be probated for one (1) year with conditions, is sufficient in this case. This Court has often found thirty (30) day suspensions to be satisfactory for violations of many of the same rules of professional conduct.

In *Kentucky Bar Ass'n v. Justice*, 198 S.W.3d 583, 584 (Ky. 2006), a lawyer violated our rules of professional conduct when he failed to respond to the opposing party's motion to dismiss his clients' civil action, and failed to attend court hearings on the aforementioned motion, which resulted in dismissal of clients' complaint with prejudice. *Id.* Justice admitted these actions were in violation of SCR 3.130-1.3, SCR 3.130-1.4(a), SCR 3.130-1.4(b), SCR 3.130-1.15(a), and SCR 3.130-1.16(d) and that he had been privately reprimanded on four previous occasions for such matters as failing to exercise reasonable diligence in representing a client and for failing adequately to communicate with a client. *Id.* Justice asked this Court to impose a thirty (30) day suspension, which we held was appropriate for these rules violations.

In *Morton v. Kentucky Bar Ass'n*, 230 S.W.3d 328, 329-30 (Ky. 2007), the attorney admitted her conduct was in violation of the rules of professional conduct. Morton admitted she failed to prepare an agreed order; she failed to notify clients in writing that she had been suspended from the practice of law for not completing her continuing legal education requirements; she continued to represent her clients while her law license was suspended; and she failed to file a divorce complaint for a client. *Id.* Morton acknowledged that these actions were in violation of SCR 3.130–1.3, SCR 3.130–1.16(d), SCR 3.130–3.4(c), SCR 3.130–4.4, SCR 3.130–5.5(a), and SCR 3.130–8.1(b) which stemmed from one KBA Charge and SCR 3.130–1.4(b), SCR 3.130–1.16(d), SCR 3.130–3.4(c), SCR 3.130–5.5(a), SCR 3.130–8.3(b), SCR 3.130–8.3(c), and SCR 3.130–8.1(b) which stemmed from another KBA Charge. *Id.* Morton asked this

6

Court to impose a thirty (30) day suspension from the practice of law. We held sufficient evidence existed to suspend Morton for thirty (30) days. *Id.*

Therefore, because Deskins's conduct is similar to the attorneys' conduct in the aforementioned cases, we grant Deskins's motion.

ACCORDINGLY, IT IS ORDERED THAT:

1. Donald Kyle Deskins, KBA Member No. 88880, is found guilty of violating SCR 3.130-1.3, SCR 3.130-1.4(a)(3), SCR 3.130-1.16(d), SCR 3.130-8.4(c), and SCR 3.130-8.1(b) of the Kentucky Rules of Professional Conduct;

2. Deskins is suspended from the practice of law in Kentucky for a period of thirty (30) days beginning ten (10) days after entry of this Order, to be probated for one (1) year;

3. Deskins shall adhere to the provisions of the Supervision Agreement entered into with KYLAP under KBA File No. 21255;

4. Deskins shall not commit any crimes, including misdemeanors and felonies;

5. Deskins shall sign authorizations allowing the KBA to review his records held by KYLAP, mental health professionals, social workers, and all medical records and mental health records;

6. The Director of KYLAP will file quarterly reports with the Disciplinary Clerk of the KBA for distribution to the Office of Bar Counsel. These reports shall state whether Deskins is complying with the terms and conditions of this Order;

7

7. If at any time the KYLAP Director becomes aware of Deskins's violations of any section of this Order or the KYLAP Supervision Agreement, the Director shall immediately file a notice of such violations with the Disciplinary Clerk of the KBA for distribution to the Office of Bar Counsel and Deskins;

8. Deskins shall timely pay his KBA membership dues;

9. Deskins shall timely satisfy all continuing legal education requirements;

10. Deskins shall pay all court costs associated with the Supervision Agreement;

11. If Deskins violates any section of this Order or the KYLAP Supervision Agreement within one (1) year, beginning ten (10) days after entry of this Order, or receives a Charge of professional misconduct during the probationary period, the KBA may file a motion with this Court requesting the issuance of a show cause order directing Deskins to show cause, if any, why the thirty (30) day suspension should not be imposed;

12. If, at the expiration of the probationary period of one (1) year, beginning ten (10) days after entry of this Order, Deskins has fully complied with this Order, Deskins's suspension shall be lifted.

13. In accordance with SCR 3.450, Deskins is directed to pay the costs of this action in the amount of $399.42, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: June 19, 2014.

_____
CHIEF JUSTICE