TO BE PUBLISHED

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

2016-SC-000114-KB

KYLE ANTHONY BURDEN                                                    MOVANT

V.                              IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                                          RESPONDENT

## OPINION AND ORDER

The Movant, Kyle Anthony Burden, under SCR 3.480(2), asks this Court to enter an order resolving the pending disciplinary proceeding against him (KBA File Nos. 22831, 22885, and 22902) by imposing a public reprimand. This motion is the result of an agreement with the Office of Bar Counsel for the Kentucky Bar Association. For the following reasons, the motion is granted.

### I. Background

Burden was admitted to the practice of law in the Commonwealth of Kentucky on October 11, 2002. His KBA member number is 89358. His KBA roster address is 203 Wyckliff Drive, Otisco, Indiana 47163.

This case arises from Burden's continuing to appear in court on behalf of clients when he was suspended for CLE non-compliance in the first half of 2014.

KBA File No. 22831 grew out of a series of appearances in Jefferson and Oldham Counties. On January 29 and 30, 2014, Burden appeared on behalf of two different clients in Jefferson District Court. And on February 10, 2014 and

March 6, 2014, he appeared in Oldham Circuit Court on behalf of a criminal defendant.

On May 9, 2014, he applied for restoration to practice under SCR 3.500. In his application, he stated that he had not notified any clients of his CLE suspension. According to Burden, when the Office of Bar Counsel contacted him about his application, he explained that he had not become aware of the suspension until April 25, 2014.

Burden's conduct came to the attention of the Inquiry Commission, which issued a one-count charge alleging that Burden had violated Rule of Professional Conduct[1] 5.5(a)[2] by continuing to appear in court while suspended from practice.

KBA File No. 22885 grew out of Burden's conduct in prosecuting a suit by a Mr. Tomlinson against the Louisville Metro Department of Corrections. On March 13, 2014, he spoke with an insurance claims adjuster and an assistant county attorney about a then-potential suit. And on March 17, 2014, an action was filed in which Burden was listed as co-counsel. He remained as an attorney of record in the case until June 2014.

The assistant county attorney filed a bar complaint against Burden, and in January 2015, the Inquiry Commission issued a two-count charge alleging that Burden had violated Rule 5.5(a) by representing Tomlinson while

---

[1] The Rules of Professional Conduct are part of the Supreme Court Rules, specifically, SCR 3.130. In text, the conduct rules will be referred to simply as the Rules, with reference to the Supreme Court reserved for citations.

[2] "A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so." SCR 3.130-5.5(a).

2

suspended, and Rule 5.5(b)(2)[3] for filing the action during his suspension, communicating with opposing counsel on behalf of his client during his suspension, and failing to withdraw as co-counsel of record in a timely fashion.

KBA File No. 22902 grew out of Burden's conduct in a pair of cases in Hart Circuit Court. On March 4, 2014, Burden emailed an Assistant Commonwealth's Attorney asking for discovery in one of the cases. And on March 10, 2014, he emailed the assistant about another case, asking for a continuance on a pre-trial conference that was scheduled for March 28. On March 28, Burden appeared in court on behalf of the client. The matter was continued until June 3, at which time Burden failed to appear.

The Assistant Commonwealth's Attorney filed a bar complaint. On January 5, 2015, the Inquiry Commission issued a two-count charge, again alleging violations of Rules 5.5(a) and 5.5(b)(2), this time for Burden's continued representation of clients in Hart County and for communicating with opposing counsel on behalf of the clients while suspended.

Burden admits that he committed the conduct described above, and agrees that his conduct violated the rules as alleged by the Inquiry Commission.

Burden and the Office of Bar Counsel have reached an agreement to resolve this matter. And Burden now asks this Court to enter an order in conformity with their negotiations. The proposed disposition would find Burden guilty of the two counts and impose a public reprimand. The Office of Bar

---

[3] "A lawyer who is not admitted to practice in this jurisdiction shall not ... hold out to the public or otherwise represent that the lawyer is admitted to practice law in this jurisdiction." SCR 3.130-5(b)(2).

3

Counsel has no objection to the motion and asks that it be granted. Bar Counsel states that it has reviewed the facts and relevant case law to support this resolution.

According to Bar Counsel, the Chair of the Inquiry Commission and a Past President of the KBA have reviewed and approved the sanction proposed by Burden.

Burden's history of past discipline includes a private reprimand in 2012, a thirty-day suspension, probated, in 2013, and the suspension for CLE non-compliance that led to this case in 2014.

## II. Discussion

The negotiated sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges if the parties agree." SCR 3.480(2). Specifically, "the member and Bar Counsel [must] agree upon the specifics of the facts, the rules violated, and the appropriate sanction." *Id.* Upon receiving a motion under this Rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Thus, acceptance of the proposed negotiated sanction falls within the discretion of the Court.

The proposed disposition is largely in line with the cases cited by Bar Counsel. *See Smith v. Ky. Bar Ass'n*, 250 S.W.3d 601 (Ky. 2008) (issuing public reprimand for lawyer who practiced after 15-day suspension before he was technically readmitted, mistakenly believing his suspension expired automatically despite not having filed affidavit of compliance); *Wright v. Ky. Bar*

*Ass'n*, 169 S.W.3d 858 (Ky. 2005) (issuing public reprimand for lawyer who continued to practice during CLE-suspension until she received notice of that suspension). Like the lawyers in those cases, Burden appears to have not known of his suspension, and he took steps to cure the matter upon learning of it.

But Burden has a greater history of disciplinary problems than did the lawyers in those cases. (Wright had no prior discipline, and Smith's only stated prior discipline was the 15-day suspension.) And the lawyers in both cases were ordered to undergo remedial education, which Burden's proposed disposition would not require.

And this Court is troubled by Burden's claim that he was ignorant of his suspension until April 25, 2014. As the Office of Bar Counsel notes in its response agreeing to the public reprimand, Burden was sent multiple notices in 2013 that his CLE credits were deficient for the year. In November, such a notice was sent to him by certified mail, and he signed for it. Of course, he was not suspended at that time, but purpose of the notices was to prevent such a suspension by allowing the deficiency to be made up. Burden was finally suspended on January 23, 2014, and according to Bar Counsel's response, Burden contacted the KBA on January 31, at which point he "indicated he was unaware of his suspension." It seems that he had notice of his suspension at that point, yet the misconduct alleged above all occurred after that date. Thus, Burden's case again differs from both *Wright* and *Smith*, where the lawyers in both cases appeared to have been honestly ignorant of their suspensions at the time of their misconduct.

5

Nonetheless, after reviewing the allegations, the admitted facts, and Burden's previous disciplinary record, this Court concludes that the proposed resolution of this matter is adequate, if imperfect. It appears that the sanction, a public reprimand, is sufficient given the circumstances.

## Order

ACCORDINGLY, IT IS ORDERED THAT:

1. The Movant, Kyle A. Burden, is found guilty of the admitted violations of the Rules of Professional Conduct alleged in the charge.

2. Burden, is publicly reprimanded for his misconduct.

3. In accordance with SCR 3.450, Burden is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $96.57, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: May 5, 2016.

Chief Justice