**David John HOFF, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent**

2018-SC-000013-KB

Supreme Court of Kentucky.

ENTERED: February 15, 2018

## OPINION AND ORDER

David John Hoff (Hoff), whose bar roster address is 8190 Lyndhurst Court, Cincinnati, Ohio 45249, KBA Member Number 92904, desires to terminate Kentucky Bar Association (KBA) proceedings against him by moving this Court for a public reprimand. The KBA has no objection to Hoff's request.

## I. BACKGROUND.

On August 2, 2017, the Inquiry Commission initiated an investigation against Hoff alleging violations of Supreme Court Rule (SCR) 3.130-3.4(c) (failure to obey an obligation under the Rules of a tribunal), SCR 3.130-5.5(a) (unauthorized practice of law), SCR 3.130-5.5(b) (falsely holding out or representing that he was admitted to practice), and SCR 3.130-5.7(a) (performing specifically prohibited acts while suspended).

The investigation stemmed from Hoff's failure to update his bar roster address, email address, and telephone number with the KBA as required by SCR 3.175. In March 2016, Hoff changed employers and failed to update his contact information with the KBA. He thereafter failed to receive any notices from the KBA regarding payment of KBA dues. Hoff did not pay his KBA dues by September 1, 2016, as required by SCR 3.040 and he was suspended from the practice of law on January 20, 2017. Hoff remained unaware of the suspension because that notice was also mailed to his previous law firm. It was not until April 2017, when Hoff's former employer notified Hoff that he had received notice of the suspension, that Hoff learned of his sanction. In April 2017, Hoff's current employer terminated his employment in compliance with SCR 3.130-5.7(b).

Hoff received a letter from the KBA Office of Bar Counsel, dated May 4, 2017, informing Hoff of the Inquiry Commission's investigation. Hoff responded to the letter acknowledging the requirements of the Commonwealth's ethical rules while maintaining that any violations were through no intentional conduct on his part.

Although no formal complaint was filed against Hoff, he requests that this Court impose the sanction of a public reprimand in an effort and desire to dispense of any further proceedings for these violations.

## II. ANALYSIS.

Hoff admits that his conduct violated the requirements of SCR 3.130-3.4(c), SCR 3.130-5.5(a), SCR 3.130-5.5(b), and SCR 3.130-5.7(a). Hoff also requests a public reprimand as the appropriate sanction. The KBA has no objection. Our rules permit the KBA and a member of the bar to agree to a negotiated sanction.

... Any member who is under investigation pursuant to SCR 3.160(2) or who has a complaint or charge pending in this jurisdiction, and who desires to ter-

minate such investigation or disciplinary proceedings at any stage of it may request Bar Counsel to consider a negotiated sanction. If the member and Bar Counsel agree upon the specifics of the facts, the rules violated, and the appropriate sanction, the member shall file a motion with the Court which states such agreement, and serve a copy upon Bar Counsel, who shall, within 10 days of the Clerk's notice that the motion has been docketed, respond to its merits and confirm its agreement.... The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand.

SCR 3.480(2).

The KBA consents to a public reprimand and to support the negotiated sanction, the KBA cites to three cases. In *Wright v. Kentucky. Bar Ass'n.*, 169 S.W.3d 858 (Ky. 2005), a public reprimand was imposed when Wright practiced law after being suspended for failure to fulfill her CLE requirements. In *Smith v. Kentucky Bar Ass'n.*, 250 S.W.3d 601 (Ky. 2008), Smith was suspended from the practice of law for fifteen days and such suspension would continue until Smith complied with SCR 3.510 and was reinstated. Smith appeared in court prior to his compliance with SCR 3.510. Smith requested a public reprimand and the KBA agreed with the sanction. In *Burden v. Kentucky Bar Ass'n.*, 487 S.W.3d 448 (Ky. 2016), Burden was suspended for not complying with CLE requirements, yet appeared in court asserting he was not aware of his suspension. This Court imposed a public reprimand based on the parties' negotiated sanction.

We agree with Hoff and the KBA that a public reprimand is appropriate here.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. David John Hoff, is hereby publicly reprimanded for unprofessional conduct; and

2. In accordance with SCR 3.450, Hoff is directed to pay all costs associated with these disciplinary proceedings against him, which are $54.00, for which execution may issue from this Court upon finality of this Opinion and Order.

/s/ John D. Minton Jr.

CHIEF JUSTICE

All sitting.

All concur.