TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0330-KB

JONATHAN RICHARD MCCARRICK                     MOVANT


V.                           IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                     RESPONDENT


## OPINION AND ORDER

Jonathan Richard McCarrick (McCarrick), whose bar roster address is 5800 Weatherburn Court, Prospect, KY 40059, KBA Member Number 88484, moves this Court to impose the sanction of a Public Reprimand for his violations of the Kentucky Supreme Court Rules of Professional Conduct. The Kentucky Bar Association (KBA) has no objection to McCarrick's request. For the following reasons, the motion is granted.

## I. BACKGROUND

McCarrick ceased performing legal work around 2005 when he began working for a software company in a non-attorney role. In 2008, McCarrick was suspended from practicing law in Kentucky for failing to complete his continuing legal education requirements. He did not seek to be restored to practice. Instead, he continued his work in the software industry outside of

Kentucky, living in various states and moving frequently. He currently works for a software company located in Massachusetts.

After McCarrick returned to Kentucky, his daughter was charged with Theft by Unlawful Taking, Shoplifting in Jefferson District Court Case No. 19-M-13898. Despite being suspended from the practice of law, McCarrick knowingly entered an appearance and appeared in court for his daughter at her arraignment. While there, he told the prosecutor that he was an attorney.

After the arraignment, McCarrick appeared again at his daughter's pretrial conference. He represented her in front of the court as the attorney of record. At this hearing, his daughter received diversion, and her case was dismissed. Representing his daughter in these two instances related to her shoplifting charge are the only instances in which he has engaged in the practice of law since 2005. McCarrick does not intend to resume legal practice.

The Kentucky Bar Association (KBA) attempted to serve McCarrick with the Inquiry Commission complaint at his Bar Roster address (201 E. Jefferson St., Suite 202, Louisville, KY) once by certified mail and once by Sheriff. Because McCarrick had moved away and the suite was then vacant, neither service attempt could be completed. On October 20, 2020, the KBA completed service on McCarrick via service on the Executive Director pursuant to SCR 3.035(2). McCarrick failed to respond to the complaint despite being warned by the Inquiry Commission that a failure to respond could result in additional charges under SCR 3.130(8.1)(b) (stating that a lawyer shall not "knowingly fail to respond to a lawful demand for information from . . . a disciplinary

2

authority."). The Sheriff eventually also personally served McCarrick on January 8, 2021 at 5800 Weatherburn Court, Prospect, KY 40059. He has since updated his bar roster address to this address.

Because of these events, McCarrick admits to four violations of the Kentucky Supreme Court Rules of Professional Conduct:

1. SCR 3.130(5.5)(a), for "practic[ing] law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction" by representing his daughter;

2. SCR 3.130(5.5)(b)(2), for "hold[ing] out . . . that [he] is admitted to practice law in the jurisdiction" by telling the prosecutor and the court that he was his daughter's attorney;

3. SCR 3.130(3.4)(c), for "knowingly disobey[ing] an obligation under the rules of a tribunal" by violating the Order of his own suspension by representing his daughter; and

4. SCR 3.130(8.1)(b), for "knowingly fail[ing] to respond to a lawful demand for information" by not responding to the Complaint issued against him.

McCarrick admits to all four violations. He expresses remorse and has provided two statements from mental health providers attesting to the "debilitating mental setbacks" he has experienced during the pendency of these disciplinary proceedings. The KBA and McCarrick agree that the appropriate discipline on the above facts is a public reprimand and direction to pay all costs of these proceedings pursuant to SCR 3.450.

## II. ANALYSIS

McCarrick admits that he violated SCR 3.130(5.5)(a), SCR 3.130(5.5)(b)(2), SCR 3.130(3.4)(c), and SCR 3.130(8.1)(b). He requests a public reprimand as the appropriate sanction. The KBA has no objection to the imposition of a public reprimand and direction to pay all costs of these proceedings pursuant to SCR 3.450.

Our Rules permit the KBA and a member of the bar to agree to a negotiated sanction.

> Any member who is under investigation pursuant to SCR 3.160(2) or who has a complaint or charge pending in this jurisdiction, and who desires to terminate such investigation or disciplinary proceedings at any stage of it may request Bar Counsel to consider a negotiated sanction. If the member and Bar Counsel agree upon the specifics of the facts, the rules violated, and the appropriate sanction, the member shall file a motion with the Court which states such agreement, and serve a copy upon Bar Counsel, who shall, within 10 days of the Clerk's notice that the motion has been docketed, respond to its merits and confirm its agreement . . . . The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand.

SCR 3.480(2).

The KBA consents to a public reprimand and cites to three similar cases to justify its imposition. First, it cites to *Hoff v. Kentucky Bar Ass'n*, 537 S.W.3d 817 (Ky. 2018), in which this Court granted a public reprimand where an attorney continued to practice law after his license was suspended for failing to pay dues. Hoff did not know his license was suspended because the KBA did not have accurate contact information for him. *Id.* at 818. The KBA then cites *Wright v. Kentucky Bar Ass'n*, 169 S.W.3d 858 (Ky. 2005). There, Wright was

4

suspended for failing to complete continuing legal education requirements; even so, she continued to practice law and received a public reprimand. *Id.* at 859–60. Finally, the KBA cites *Smith v. Kentucky Bar Ass'n*, 599 S.W.3d 868 (Ky. 2020). There, Smith also had a suspended license for failure to complete continuing legal education requirements but continued to appear as counsel in several cases. *Id.* at 869. This Court issued a public reprimand conditioned upon completing the Ethics and Professionalism Enhancement Program. *Id.* at 870.

The KBA cites these cases to demonstrate that a public reprimand is an appropriate sanction. After reviewing the facts and relevant caselaw, we agree with McCarrick and the KBA that a public reprimand with direction to pay costs is warranted.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Movant, Jonathan Richard McCarrick, is publicly reprimanded for the above described and admitted violations of SCR 3.130(5.5)(a), SCR 3.130(5.5)(b)(2), SCR 3.130(3.4)(c), and SCR 3.130(8.1)(b).

2. In accordance with SCR 3.450, McCarrick is directed to pay the costs of this action in the amount of $154.45, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED:  October 28, 2021.

CHIEF JUSTICE MINTON

5